1   RANDOLPH CREGGER & CHALFANT LLP
    JOHN S. GILMORE, SBN 32491
2   1030 G Street
    Sacramento, CA 95814
3   Phone: 916.443-4443
    Fax: 916.443-2124
4   Email: gilmore@randolphlaw.net

5   Attorneys for Plaintiffs DENNIS ROBINSON,
    SPENCER ROBINSON, JR., RICKE ROBINSON,
6   CYNTHIA ROBINSON, VICKIE ROBINSON

7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10

11  DENNIS ROBINSON, SPENCER          No.:
    ROBINSON, JR., RICKE ROBINSON,
12  CYNTHIA ROBINSON, VICKIE          **COMPLAINT FOR PROPERTY DAMAGE;**
    ROBINSON,                         **DIMINUTION OF VALUE; NEGLIGENCE;**
13                                    **STRICT LIABILITY; CONTINUING TORT;**
                    Plaintiffs,       **CONTINUING NUISANCE;**
14                                    **OBSTRUCTION; DAMAGES**
        vs.
15
    UNITED STATES OF AMERICA,
16  individually and as Trustee for the Indians
    of the Mooretown Rancheria, aka MAIDU
17  INDIANS OF CALIFORNIA; and DOES 1
    – 100, inclusive,
18
                    Defendants.
19

20      Plaintiffs DENNIS ROBINSON, SPENCER ROBINSON, JR., RICKE ROBINSON,

21  CYNTHIA ROBINSON, VICKIE ROBINSON complain of defendants as follows:

22                **PRELIMINARY STATEMENT AND JURISDICTION**

23      1.      Plaintiffs DENNIS   ROBINSON,   SPENCER   ROBINSON,   JR.,   RICKE

24  ROBINSON, CYNTHIA ROBINSON, VICKIE ROBINSON ("ROBINSON") own a 60 foot,

25  non-exclusive dominant road and public utility easement on real property located in Butte

26
    County, California, with defendants UNITED STATES OF AMERICA DEPARTMENT OF
27

28

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA  95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.              - 1 -

THE INTERIOR [BUREAU OF INDIAN AFFAIRS] ("UNITED STATES") in trust for the Indians of the Mooretown Rancheria, also known as the MAIDU INDIANS OF CALIFORNIA ("RANCHERIA/TRIBE"); that easement is described in Exhibit 1 attached hereto and incorporated herein as if set forth in full.

2.     DENNIS ROBINSON is the appropriate party to pursue this claim as in October 2004 he was designated Managing Agent on behalf of SPENCER ROBINSON, JR., RICKE ROBINSON, CYNTHIA ROBINSON and VICKIE ROBINSON for all the Robinson property, including the subject easement and acreage east of the east end of the easement that is in excess of 300 acres.  As Managing Agent, DENNIS ROBINSON has the authority and responsibilities: to represent the owners before all administrative and other governmental agencies and courts in regard to proceedings in connection with the management of the property; to contract for all engineering or other professional services that might be necessary to accomplish all objectives of the owners.

3.     The easement described in Exhibit 1 benefits dominant tenements owned by ROBINSON.

4.     UNITED STATES holds the servient tenement as legal owner, responsible for road maintenance and trustee for RANCHERIA/TRIBE and co-ownership of the identified non-exclusive easement in trust as alleged above.

In establishing the UNITED STATES as a legal owner in Trust, authority therefor would have come from the Secretary of the DEPARTMENT OF THE INTERIOR pursuant to Congressional authority.

5.     Jurisdiction:  This court has jurisdiction pursuant to 28 U.S.C. §1346(b), 28 U.S.C. §1331, pursuant to pendent jurisdiction, attendant related causes of action arising from the same facts also brought under California law including, but not limited to, violation of California Civil

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA  95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                    - 2 -

Code § 801, *et seq.*, §832, §3479 and California Probate Code § 18001, *et seq.*.

6.    Venue:  Venue is proper in this Court pursuant to 28 U.S.C. §1402(b) as the real property subject of this action is located in this district and ROBINSON's causes of action arose in this district.

7.    The UNITED STATES has identified the following persons as involved in its legal ownership and its duties as Trustee:

a.    Kevin Bear Quiver, Fred Doka, Carmen Fazio, Libby Mitchell, and Kanu Patel.  These persons are BUREAU OF INDIAN AFFAIRS ("BIA") employees who are represented by the UNITED STATES.  They have knowledge and information about facts relating to the subject easement, UNITED STATES' legal ownership with maintenance duties and duties as Trustee, UNITED STATES' ownership of certain parcels of land across which the easement lies, UNITED STATES' knowledge of encroachments and other related matters.  Nature and extent of knowledge and authority of each of the five persons named above is unknown by Plaintiffs though the UNITED STATES as Trustee and a legal owner of the non-exclusive subject easement, through those named employees and others, should have made certain that construction, maintenance and use were consistent with any restrictions provided by law.

8.    Persons named in paragraph 7, above, and DOES 5 through 25, inclusive, are and were employees of the UNITED STATES involved with its trust and legal ownership responsibility of the subject easement, trustees, contractors, owners, operators, lessors, lessees and/or franchisers and franchisees of the subject property, buildings and premises at all times relevant to this complaint.  Plaintiffs are informed and believe each of those persons is the agent, employee, representative or trustee of each of the other persons and performed all acts and

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                - 3 -

omissions stated herein with the scope of such agency, employment, representative capacity or that of trustee, and is responsible in some manner for the acts and omissions of the other persons and proximately caused the damages complained of herein.

9.     RANCHERIA/TRIBE is owner of land located adjacent to the subject easement held in trust/legal ownership by UNITED STATES.

10.     ROBINSON acquired and recorded in the official records of Butte County the above-described interest in the subject easement before either the UNITED STATES or RANCHERIA/TRIBE acquired their interests described above.

11.     The subject easement includes the entirety of Alverda Drive identified in Exhibit 1.

12.     DENNIS ROBINSON is a road builder of long experience and constructed Alverda Drive, which is named for ROBINSON's mother.

13.     ROBINSON has a non-exclusive right of possession of the subject easement in its entirety.

14.     ROBINSON owns in excess of 300 acres of land situated east of the subject easement as described in Exhibit 1.

15.     More than six months before this action was instituted, ROBINSON presented a claim to the UNITED STATES pursuant to 28 U.S.C. §2675(a); the UNITED STATES having failed to make a final disposition of the claim within that time amounts to a denial of the claim and plaintiffs are free to proceed with their action.  Service on the UNITED STATES was between August 5 and 24, 2010.

## PREDICATE FACTS COMMON TO ALL COUNTS

16.     Continuously during the two years prior to filing the Federal Tort Claim referred to in paragraph 15, above, UNITED STATES, through its employees, negligently and knowingly

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.          - 4 -

permitted, allowed, sponsored, supported, advised, approved, and conspired with RANCHERIA/TRIBE to engage in certain acts of construction/destruction on and of the subject easement to ROBINSON's detriment and over ROBINSON's objections to UNITED STATES and RANCHERIA/TRIBE. These actions by the UNITED STATES occurred at various times before the filing of the Federal Tort Claim referred to in paragraph 15, above, but ROBINSON's damages that are proximately caused by the UNITED STATES' actions did not arise until a time that is within the two-year period that preceded the filing of the Federal Tort Claim.

17. In particular, the UNITED STATES through the BUREAU OF INDIAN AFFAIRS ("BIA") and/or its other employees, was aware of the RANCHERIA/TRIBE's planned construction activities on the property that the UNITED STATES holds in trust for RANCHERIA/TRIBE and that is burdened by the easement described above. Based on the UNITED STATES' awareness and knowledge of the RANCHERIA/TRIBE's planned construction activities, it knew or should have known that these activities would adversely affect the easement, that they would interfere with ROBINSON's ability to use the easement for its intended purposes, and that, as a result, these activities would violate ROBINSON's legal rights. Yet the UNITED STATES took no steps to warn or give notice to the RANCHERIA/TRIBE that the planned activities would have this illegal effect.

18. In addition, at an unknown time, the UNITED STATES, through the BUREAU OF INDIAN AFFAIRS ("BIA"), made Alverda Drive part of the BIA road system. It appears the RANCHERIA/TRIBE requested UNITED STATES to take over maintenance responsibilities, subject to the Road Maintenance Agreement on its fractional easement share of Alverda Drive on or about February 18, 2003. As such, UNITED STATES took on duties of road maintenance which includes, but is not limited to:

> "The preservation of roads, roadsides and road structures in the condition necessary for their safe and efficient

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.            - 5 -

utilization.  Maintenance includes cleaning and repairing ditches and culverts; stabilizing and removing slides, dripped sand, mud, and dust; adding additional culverts to forestall roadway damage; repair, replace ... and other features necessary to conduct traffic and protect the road and traveling public, removal of hazards, and to repair and develop stable road embankments including the travel way and shoulders.  Maintenance may include short alignment changes ....  Such changes include the approval of the Area Director.  23 U.S.C. 116; 25 C.F.R. 170.2, BIA Affairs Manual/Road Maintenance 1.6C(2), *et seq.*"  *See* C.F.R. §170.5 (2010) (current definition of "maintenance" that is essentially unchanged from the foregoing).

19.    UNITED STATES as Trustee violated California Probate Code § 18001 through its employees' acts or failure to act, including but not limited to, intentional and/or negligent refusal to take any steps to rectify problems that exist on the subject easement of which it is Trustee and co-legal owner.

20.    As Trustee and a co-legal owner with maintenance responsibilities of the subject easement, UNITED STATES and its employees have the duty to make certain that any construction, maintenance and use of the property by RANCHERIA/TRIBE is consistent with and do not infringe on any of ROBINSON's rights.

21.    As Trustee and a co-legal owner with maintenance responsibilities of the subject easement, UNITED STATES, through its employees has the duty to inspect, maintain and repair the easement, including the duty to preserve its integrity.

22.    As Trustee and co-legal owner with maintenance responsibilities of the subject easement, UNITED STATES, though its employees has the duty to prevent existence of a nuisance on the easement.

23.    UNITED STATES has judicially conceded ROBINSON's property interests in the subject easement, including the nature of his intended use of the easement, and is thereby estopped from claiming otherwise; UNITED STATES, therefore, through its employees, has the duty to rectify encroachments and other related problems related to Alverda Drive as requested by

1    ROBINSON.

2        24.    All acts of construction/destruction alleged are repairable and amount to

3    continuing tortuous conduct/nuisance.

4        25.    On June 18, 2002 RANCHERIA/TRIBE, with UNITED STATES' knowledge and

5    consent, agreed to resolve a slump/slope problem on the northeast side of the subject easement by

6    December 31, 2003.  That resolution did not occur.

7

8        26.    ROBINSON's land, lying east of the subject easement and property owned by

9    RANCHERIA/TRIBE and in trust by UNITED STATES is affected by limitations placed on use

10   and development of ROBINSON's land and subject easement by any Butte County local agency

11   such as its Planning Department and Local Agency Formation Commission.

12

13       27.    The slump/slope problem continues to date and threatens the integrity of the

14   subject easement.  Within the last two years it has been subjected to additional construction by

15   RANCHERIA/TRIBE with knowledge and consent of UNITED STATES which potentially

16   makes the slump/slope danger to the subject easement worse.

17       28.    UNITED STATES, through its employees, and RANCHERIA/TRIBE have

18   negligently and knowingly failed and refused to rectify the slope/slump issue, though that has

19   been requested by ROBINSON, and within the last two years have made it potentially worse by

20

21   additional construction/destruction.

22       29.    The subject easement has been damaged and its integrity threatened in that it has

23   had lateral and/or subjacent support removed causing or potentially causing erosion among other

24   damage.

25       30.    RANCHERIA/TRIBE with knowledge and consent of the UNITED STATES,

26   through its employees, intentionally and/or negligently and knowingly constructed a parking lot

27   adjacent to the southwest edge of the subject easement; in doing so, an encroachment was built

28

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.          - 7 -

into the easement by a curb (commonly known as a "bullnose") and adjacent concrete walkway; the curb and walkway encroach into the subject easement by approximately 15 feet, narrowing its width from 60 feet to 45 feet.

31.     UNITED STATES, through its employees, and RANCHERIA/TRIBE have intentionally and/or negligently and knowingly failed and refused to remove the bullnose and offending concrete walkway though that has been requested by ROBINSON.

32.     RANCHERIA/TRIBE removed an offending fountain within the center/northwest side of the easement at the request of ROBINSON and probable request of BIA. RANCHERIA/TRIBE, however, installed water valves and a power facility within the easement in the same area, again narrowing its width.

33.     UNITED STATES, through its employees, and RANCHERIA/TRIBE have intentionally and/or negligently and knowingly failed and refused to remove from the subject easement the water valves and power facility though that has been requested by ROBINSON.

34.     RANCHERIA/TRIBE installed wrought iron fencing imbedded in concrete adjacent to its parking lots on the south and north/northeast of the easement, encroaching into the subject easement by approximately 15 feet on each side, narrowing its width from 60 feet to 45 feet on both sides.

35.     UNITED STATES, through its employees, and RANCHERIA/TRIBE have intentionally and/or negligently and knowingly failed and refused to remove from the subject easement the wrought iron fencing and its appurtenant concrete support from the easement though that has been requested by ROBINSON.

36.     RANCHERIA/TRIBE installed a fire hydrant within the easement, narrowing its width.

37.     UNITED STATES, through its employees, and RANCHERIA/TRIBE have

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                - 8 -

1   intentionally and/or negligently and knowingly failed and refused to relocate the fire hydrant off

2   the easement though that has been requested by ROBINSON.

3       38.    The underlying fee originally was owned by ROBINSON with another and the

4   easement specifically was reserved for use and development of ROBINSON's 300 plus acres of

5   real property located east of the easement and the property owned by RANCHERIA/TRIBE and

6   held in trust and co-legal ownership with maintenance responsibilities by UNITED STATES, the

7   easement being ROBINSON's primary road access thereto.

8

9       39.    Present and future use of the subject easement/Alverda Drive requires four driving

10  lanes, appropriate turning lanes, curbs and gutters and sidewalks within the 60 foot easement

11  width throughout its length.

12      40.    RANCHERIA/TRIBE owns and operates the Feather Falls Casino located

13  northwest of the subject easement; present and future use of the easement in relation to

14  development of ROBINSON's 300 plus acres referred to in paragraph 38, above, requires

15  easement improvements as referred to in paragraph 39, above, particularly with the rapidly

16  increasing use by RANCHERIA/TRIBE of its land, structures including the casino with

17  knowledge and consent of the UNITED STATES as Trustee and co-legal owner with

18  maintenance responsibilities.

19

20      41.    All of the above is open and obvious, or otherwise known, to UNITED STATES,

21  through its employees, as Trustee and co-legal owner with maintenance responsibilities and

22  RANCHERIA/TRIBE as a result of action 2:04-CV-00734 DFL KJM (now RRB DAD (TEMP)

23  filed April 12, 2004.

24

25      42.    Following ROBINSON's filing the identified action, RANCHERIA/TRIBE with

26  approval and consent of UNITED STATES as Trustee and co-legal owner with maintenance

27  responsibilities continued to add additional encroachments and property damage to the subject

28

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                - 9 -

easement over protest of ROBINSON, further damaging and endangering the easement and its integrity. Some improvements encroached into both sides of the subject easement and others were constructed in a substandard manner which damaged the easement.

43. The subsequent acts include, but are not limited to:

a. Within the last two years, construction by way of building a partial retaining wall at the proximate north border of the subject easement/Alverda Drive relating to the 2,000 square foot encroachment identified as a slope/slump (extending 20 feet into the northeast side of the subject easement and running over 100 feet east/west in length) has been undertaken; that construction does not protect against damage to the easement and potentially undermines its support to the extent that in order to remedy the situation the retaining wall will have to be removed and reconstructed to protect that portion of the easement.

UNITED STATES as Trustee and co-legal owner with maintenance responsibilities, through its employees, intentionally and/or negligently allowed this construction which does not meet engineering standards.

b. The bullnose curb and adjacent concrete walkway arising street level within the subject easement encroaching approximately 15 feet into the south side of the subject easement, reducing its width from 60 feet to 45 feet, remains and has not been removed despite repeated requests made by ROBINSON of the UNITED STATES as Trustee and co-legal owner with maintenance responsibilities.

c. The wrought iron fence imbedded in concrete on the south side of the subject easement adjacent to the parking lot constructed by RANCHERIA/TRIBE and an additional wrought iron fence on the north side of the easement both encroach into the easement by approximately 15 feet in different places, narrowing the subject

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                    - 10 -

easement from 60 to 45 feet remains and has not been replaced despite repeated requests by ROBINSON of the UNITED STATES as Trustee and co-legal owner with maintenance responsibilities.

d.      The fire hydrant located in the subject easement on the north side continues to obstruct travel on that portion of the subject easement and has not been removed to date despite repeated requests by ROBINSON of the UNITED STATES as Trustee and co-legal owner with maintenance responsibilities.

e.      RANCHERIA/TRIBE with the knowledge and consent of UNITED STATES has constructed a hotel generally located at the intersection of Alverda Drive and Lorene Court.  Road construction included a barrier curb encroaching into the easement by 15 feet to 20 feet, reducing width of the easement from 60 feet to 40 - 45 feet.

The barrier curb and adjacent offending structures have not been removed to date despite repeated requests by ROBINSON of the UNITED STATES as Trustee and co-legal owner with maintenance responsibilities.

f.      While RANCHERIA/TRIBE has removed underground construction underneath the barrier curb to the north and off the easement, the surface construction which narrows the easement as alleged has gone forward regardless of ROBINSON's protests to UNITED STATES as Trustee and co-legal owner with maintenance responsibilities.

44.    During construction of the hotel, Alverda Drive was significantly damaged, at some time following completion, that date being unknown, Alverda Drive was repaired and an "alligatoring" condition was patched over.  During construction of the hotel, materials were stashed by the RANCHERIA/TRIBE at the east end of Alverda Drive blocking the gate leading

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA  95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                              - 11 -

1    directly to the ROBINSON property.  Complaints were made by ROBINSON to the UNITED

2    STATES  as  Trustee  and  co-legal  owner  with  maintenance  responsibilities  and

3    RANCHERIA/TRIBE without success until construction was finished though the gate-blocking

4    materials were in place for a number of months, restricting ROBINSON's activities.

5

6         45.    The same gate to ROBINISON's property was blocked by construction materials

7    within several months prior to May 10, 2010; complaints were made by ROBINSON to the

8    UNITED STATES as Trustee and co-legal owner with maintenance responsibilities and

9    RANCHERIA/TRIBE, and after several months those materials were cleaned up and the gate

10   unblocked on the identified date.  The blocking of the gate restricted ROBINSON's access to

11   their property.

12

13        46.    The acts and failure to act as described in paragraphs 43 - 44, above, are due to the

14   intentional  and/or  negligent  and  knowing  conduct  of  UNITED  STATES  and

15   RANCHERIA/TRIBE in an amount subject to proof.

16        47.    As of the filing of its governmental tort claim dated August 2, 2010, it appears the

17   subject easement has been damaged in the approximate amount of $143,750.00, representing

18   costs to repair and replace the subject easement in its entirety to a usable form so the ROBINSON

19   property can be developed as intended.  ROBINSON reserves the right to amend this Complaint

20   after a thorough inspection which requires entry on non-subject easement land owned in trust by

21   UNITED STATES and/or RANCHERIA/TRIBE.

22

23        48.    In September 1979 members of the ROBINSON family and Clinton and Lorene

24   Miller entered into a "road maintenance agreement" for the benefit of the enjoining parcels of real

25   property they owned in Butte County.  This agreement created a duty to maintain and repair the

26   subject easement for roadway and utility purposes.  These duties are in addition to those imposed

27   by law on UNITED STATES.  That agreement was duly recorded in the records of Butte County.

28

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                    - 12 -

When the RANCHERIA/TRIBE purchased its fractional share of the subject easement, that also was subject to the Road Maintenance Agreement of which the UNITED STATES was notified on or about February 18, 2003.  These duties are in addition to those imposed by law on UNITED STATES.   That agreement was duly recorded in the records of Butte County. RANCHERIA/TRIBE later acquired the parcels of property subject to that agreement and transferred them to the UNITED STATES as Trustee and as co-legal owner with maintenance responsibilities of the subject easement.

49.     UNITED STATES through its employees and RANCHERIA/TRIBE have intentionally and/or negligently and knowingly failed and refused to meet the terms and conditions of the road maintenance agreement, having taken their interests in the subject real property subordinate to ROBINSON's pre-existing easement rights and rights conferred under the road maintenance agreement.

## FIRST COUNT

### Lateral Support and Subsidence - Property Damage - Negligence

### [California Civil Code §834]

50.     ROBINSON repleads and incorporates by reference, as if fully set forth, the allegations contained in Paragraphs 1 through 49 of this complaint and incorporates them herein as if separately applied.

51.     At all times relevant the subject easement, in its natural state, received lateral support from within the easement and from the adjoining land of RANCHERIA/TRIBE and that held in trust and legal ownership with maintenance responsibilities of the UNITED STATES, except as the support was negligently removed and damaged by excavations alleged herein.

52.     Alverda Drive is situated within the subject easement, the foundation/support of which extends more than nine feet below the adjacent curb level at the point where the joint

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                     - 13 -

property line between adjoining properties of ROBINSON and RANCHERIA/TRIBE and UNITED STATES intersect the curb.

53.     RANCHERIA/TRIBE with knowledge of UNITED STATES, through its employees, negligently graded its land and within the subject easement to create a level parcel, in turn, creating an unreinforced, vertical cut within and along the boundary of the subject easement. That excavation was more than nine feet below the adjacent curb level to the point where the joint property line between the adjoining properties of ROBINSON, RANCHERIA/TRIBE and UNITED STATES intersects the curb.

54.     Subsequent to excavation, the soil within the subject easement has continually washed out in part, fallen and otherwise subsided from the easement onto RANCHERIA/TRIBE property.    That subsidence, negligently caused, is a proximate result of the RANCHERIA/TRIBE's excavation which removed lateral support that the excavated soil formerly provided and left the easement unsupported.

55.     The UNITED STATES as Trustee and co-legal owner with maintenance responsibilities of properties knew or should have known the lack of support and subsidence would occur under those circumstances.

56.     Subsidence of the subject easement will continue unless and until lateral support is restored, of which the UNITED STATES, through its employees, is aware.

57.     So long as an unreinforced vertical cut remains within the subject easement and along the properties' boundary line, ROBINSON cannot repair existing damage or take effective measures to prevent future subsidence, a fact known to the UNITED STATES, through its employees, at the time and to the present.

58.     The subsidence and threat of future subsidence has and will in the future damage the easement, impair its integrity and make it impossible to develop ROBINSON's land and has

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                      - 14 -

reduced the value of ROBINSON's land in an amount to be determined according to proof.

59. The excavation leading to subsidence and threat of future subsidence is as a direct result in the negligent failure of the UNITED STATES performing its duties as Trustee and co-legal owner of the subject easement with maintenance responsibilities, amounting to a negligent refusal to take the steps to rectify the problems as alleged above and protect the easement from conduct that violates ROBINSON's rights, including its rights to repair, and places the easement at risk. As a proximate result thereof, ROBINSON has been damaged.

WHEREFORE, ROBINSON prays for relief as hereinafter stated.

## SECOND COUNT

### Subjacent Support - Property Damage – Negligence

60. ROBINSON repleads and incorporates by reference, as if fully set forth, the allegations contained in Paragraphs 1 through 59 of this complaint, and incorporates them herein as if separately stated.

61. UNITED STATES and RANCHERIA/TRIBE are, and at all times mentioned herein were, trustees and owners of real property with maintenance responsibilities situated in Butte County described above. The land subject to their interest is situated beneath and subjacent to ROBINSON's real property interests.

62. RANCHERIA/TRIBE with knowledge of the UNITED STATES, through its employees, made excavations within the subject easement and on the property adjacent to that easement.

63. When the excavations were made, the subject easement in its natural state was receiving subjacent support from the land excavated by RANCHERIA/TRIBE.

64. As a proximate result of the excavations, the subject easement/Alverda Drive was deprived of its subjacent support and its integrity and the earth and soil on the land settled and

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                                    - 15 -

continues to settle and subside within the easement into defendants' excavations, all to ROBINSON's damage in an amount to be determined according to proof but not less than $143,750.

65.     Deprivation of subjacent support and threat of future damage caused thereby has and will in the future make it impossible to develop ROBINSON's land and has reduced the value of ROBINSON's land in an amount to be determined according to proof.

66.     The excavation leading to loss of subjacent support is as a direct result in the negligent failure of the UNITED STATES performing its duties as Trustee and co-legal owner of the subject easement, amounting to a negligent refusal to take the steps to rectify the problems as alleged above and protect the easement from conduct that violates ROBINSON's rights, including its rights to repair, and places the easement at risk.

WHEREFORE, ROBINSON prays for relief as hereinafter stated.

### THIRD COUNT

### Strict Liability - Property Damage

67.     ROBINSON repleads and incorporates by reference, as if fully set forth, the allegations contained in Paragraphs 1 through 66 of this complaint, and incorporates them herein as if separately applied.

68.     At the times of subsidence, the subject easement in the immediate vicinity of the property line, in an area which naturally depended upon the RANCHERIA/TRIBE and easement's soil for support, was substantially in its natural condition and its natural dependence upon the lateral support provided by the easement and RANCHERIA/TRIBE land was not increased by the buildings, artificial fill, or other structures or roads located on the lot.

69.     RANCHERIA/TRIBE's excavation, with the knowledge and consent of UNITED STATES, removed lateral support which was naturally necessary to prevent subsidence within

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                - 16 -

1    and of the subject easement.

2         70.    Subsidence of the subject easement and other injuries alleged in paragraphs above

3    occurred as a proximate result of RANCHERIA/TRIBE's removal of naturally necessary support

4
5    causing damage and threatening damage, impairing its integrity.

6         71.    The excavation leading to removal of lateral support that was naturally necessary

7    to prevent subsidence within and of the subject easement with the knowledge and approval of the

8    UNITED STATES as Trustee and co-legal owner with maintenance responsibilities subjects

9    UNITED STATES to strict liability.  As a proximate result thereof, ROBINSON has been

10   damaged.

11        WHEREFORE, ROBINSON prays for relief as hereinafter stated.

12
13   **FOURTH COUNT**

14   **Negligence - Property Damage**

15        72.    ROBINSON repleads and incorporates by reference, as if fully set forth, the

16   allegations contained in Paragraphs 1 through 71 of this complaint, and incorporates them herein

17   as if separately applied.

18        73.    RANCHERIA/TRIBE and UNITED STATES, through its employees, knew, or

19
20   should have known, that as a natural consequence of the RANCHERIA/TRIBE's excavation of

21   soil within the subject easement and up to the property line, the easement soil would be left

22   without support and subside within the easement and onto RANCHERIA/TRIBE property.

23        74.    RANCHERIA/TRIBE and UNITED STATES, through its employees, negligently

24   took inadequate precautions or measures to prevent the easement soil from subsiding as a result of

25   RANCHERIA/TRIBE's excavation.

26        75.    Subsidence of the subject easement soil and other injuries alleged occurred as a

27   proximate result of the negligent removal of lateral support.

28

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.    - 17 -

76.     As a proximate result of the removal of lateral support created by RANCHERIA/TRIBE's excavation described in the paragraph above, ROBINSON has been damaged.

WHEREFORE, ROBINSON prays for relief as hereinafter stated.

## FIFTH COUNT

### Negligence - Property Damage

### [California Civil Code §§801, *et seq.*]

77.     ROBINSON repleads and incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 76 of this complaint, and incorporates them herein as if separately applied.

78.     RANCHERIA/TRIBE and UNITED STATES, through its employees, knew or should have known that as a natural consequence of RANCHERIA/TRIBE's creation of the slope/slump problem with the new partial retaining wall that is not properly engineered, the encroachment into the subject easement on its southwest side including a wrought iron fence imbedded in concrete, curb and concrete walkway, the water valves and power facility, the encroachment by wrought iron fencing imbedded in concrete on the north/northeast side, the fire hydrant, the additional barrier curb adjacent to the hotel, the damage to Alverda Drive and the blocking of ROBINSON's access to Alverda Drive on two occasions, and preventing access through a gate to ROBINSON's property located to the east intentionally and/or negligently violated ROBINSON's pre-existing property rights in the subject easement, in effect requiring ROBINSON to resort to self-help which is not acceptable as this Court has recognized.

79.     As a proximate result of the acts enumerated above, created by UNITED STATES, through its employees, and RANCHERIA/TRIBE's wrongful construction, use, inspection and maintenance of the subject easement/Alverda Drive, ROBINSON has been damaged.

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                                    - 18 -

WHEREFORE, ROBINSON prays for relief as hereinafter stated.

### SIXTH COUNT

### Continuing Nuisance - Property Damage

### [California Civil Code §3479; §§801, *et seq.*]

80.     ROBINSON repleads and incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 79 of this complaint, and incorporates them herein as if separately applied.

81.     UNITED STATES, through its employees, and RANCHERIA/TRIBE's wrongful construction, use, inspection  and maintenance of the subject easement/Alverda Drive constitute continuing nuisances under California Civil Code §3479.

82.     ROBINSON gave notices to UNITED STATES and RANCHERIA/TRIBE to remove the continuing nuisances; UNITED STATES and RANCHERIA/TRIBE failed and refused to remove the nuisance, which requires ROBINSON to resort to self help, which is not acceptable as this Court has recognized.

83.     As a proximate result of each nuisance created, constructed, used, inspected and maintained by UNITED STATES and RANCHERIA/TRIBE, ROBINSON wrongfully has been damaged as alleged.

84.     ROBINSON has been damaged in the amount of proper maintenance and repairs to the subject easement according to proof but not less than $143,750. ROBINSON's property has been diminished in value as a further and proximate result of the wrongful continuing nuisance created, constructed, used, inspected and maintained by RANCHERIA/TRIBE and UNITED STATES, through its employees, in an amount to be determined according to proof.  Unless that nuisance is removed by ROBINSON, ROBINSON's property will continue to diminish in value.

WHEREFORE, ROBINSON prays for relief as hereinafter stated.

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                          - 19 -

### SEVENTH COUNT

**Continuing Nuisance - Encroachment - Property Damage**

**[California Civil Code §3479; §§801, *et seq.*]**

85.    ROBINSON repleads and incorporates by reference, as if fully set forth, the allegations contained in Paragraphs 1 through 84 of this complaint and incorporates them herein as if separately applied.

86.    The UNITED STATES and RANCHERIA/TRIBE's wrongful creation, construction, use, inspection and maintenance of the subject easement, including encroachments into the easement by the slope/slump, bullnose and concrete walkway, water valves and power facility, wrought iron fencing and fire hydrant constitutes a continuing nuisance within the meaning of California Civil Code §3479.

87.    UNITED STATES and RANCHERIA/TRIBE have threatened to and will, unless damages are awarded ROBINSON according to proof but not less than $143,750, continue to maintain the nuisance; the obstruction has been and will be, without the consent, against the will, and in violation of the subject easement and/or Road Maintenance Agreement of ROBINSON's rights.

88.    In maintaining the nuisance, UNITED STATES is acting with full knowledge of the consequences and damage being caused to ROBINSON and its conduct is negligent and wrongful in defiance of ROBINSON's pre-existing rights conferred by the subject easement, Road Maintenance Agreement and duties of UNITED STATES.

WHEREFORE, ROBINSON prays for relief as hereinafter stated.

///

///

///

### EIGHTH COUNT

**Continuing Nuisance - Obstruction of Road to Plaintiffs' Property - Damages**

**[California Civil Code §§801, *et seq.*]**

89.     ROBINSON repleads and incorporates by reference, as if fully set forth, the allegations contained in Paragraphs 1 through 88 of this complaint and incorporates them herein as if separately applied.

90.     ROBINSON, as owner of the dominant tenement, is entitled to damages from UNITED STATES for allowing the RANCHERIA/TRIBE to obstruct the easement and ROBINSON's land east of the easement as alleged in paragraphs 44 - 46, above, particularly after notice from ROBINSON thereof to UNITED STATES.

RANCHERIA/TRIBE performed the acts complained of with the intent to cause injury and/or the conduct complained of was despicable and was done with a wilful and knowing disregard of ROBINSON's rights.

ROBINSON will amend this complaint when the nature and extent of the acts of UNITED STATES are determined through discovery, to set forth the amounts of ROBINSON's claimed damages for loss of use and diminution of the value of land.

ROBINSON will amend this complaint when the nature and extent of the acts of RANCHERIA/TRIBE are determined through discovery, to set forth the amounts of ROBINSON's claimed damages for loss of use, diminution of value of land and punitive damages, against RANCHERIA/TRIBE and any involved individuals connected with RANCHERIA/TRIBE.

WHEREFORE, ROBINSON prays for relief as hereinafter stated.

### PRAYER

Plaintiffs pray that this Court:

RANDOLPH, CREGGER &
CHALFANT, LLP.
1030 G St.
Sacramento, CA 95814
(916) 443-4443

(1)     Award to ROBINSON all appropriate damages, including but not limited to, statutory damages, general damages and special damages in an amount within the jurisdiction of this Court;

(2)     Order that ROBINSON, once the monetary judgment is satisfied, is allowed to remove all encroachments into the subject easement following standard engineering practices;

(3)     Award ROBINSON damages for diminution of value of property owned east of Alverda Drive according to proof;

(4)     Award to ROBINSON all reasonable attorneys' fees, litigation expenses and costs of this proceeding as provided by law; and

(5)     Grant such other and further relief this Court may deem just and proper.


DATE: May 6, 2011                    RANDOLPH CREGGER & CHALFANT LLP



                                     JOHN S. GILMORE
                                     Attorneys for Plaintiffs DENNIS ROBINSON,
                                     SPENCER ROBINSON, JR., RICKE ROBINSON,
                                     CYNTHIA ROBINSON, VICKIE ROBINSON

RANDOLPH, CREGGER &
CHALFANT, L.L.P.
1030 G St.
Sacramento, CA  95814
(916) 443-4443

COMPLAINT FOR PROPERTY DAMAGE, ETC.                    - 22 -

**ROBINSON v. USA, et al.**
**COMPLAINT**

# EXHIBIT 1

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

### LITIGATION GUARANTEE

**SUBJECT TO THE LIMITATIONS CONTAINED HEREIN, THE EXCLUSIONS FROM COVERAGE, THE LIMITS OF LIABILITY AND OTHER PROVISIONS OF THE CONDITIONS AND STIPULATIONS HERETO ANNEXED AND MADE A PART OF THIS GUARANTEE.**

### FIRST AMERICAN TITLE INSURANCE COMPANY
A CALIFORNIA CORPORATION, HEREIN CALLED THE COMPANY

### GUARANTEES

THE ASSURED NAMED IN SCHEDULE A AGAINST LOSS NOT EXCEEDING THE LIABILITY AMOUNT STATED IN SCHEDULE A WHICH THE ASSURED SHALL SUSTAIN BY REASON OF ANY INCORRECTNESS IN THE ASSURANCE WHICH THE COMPANY HEREBY GIVES THAT, ACCORDING TO THE PUBLIC RECORDS, AS OF DATE OF GUARANTEE SHOWN IN SCHEDULE A:

1.    THE TITLE TO THE HEREIN DESCRIBED ESTATE OR INTEREST IS VESTED IN THE VESTEE NAMED IN SCHEDULE A.

2.    EXCEPT FOR THE MATTERS SHOWN IN SCHEDULE B, THERE ARE NO DEFECTS, LIENS, ENCUMBRANCES OR OTHER MATTERS AFFECTING TITLE TO THE ESTATE OF INTEREST IN THE LAND SHOWN IN SCHEDULE A, WHICH MATTERS ARE NOT NECESSARILY SHOWN IN THE ORDER OF THEIR PRIORITY.

3.    A)    THE CURRENT INTEREST HOLDERS CLAIMING SOME RIGHT, TITLE OR INTEREST BY REASON OF THE MATTERS SHOWN IN PART II OF SCHEDULE B ARE AS SHOWN THEREIN.  THE VESTEE NAMED IN SCHEDULE A AND PARTIES CLAIMING TO HAVE SOME RIGHT, TITLE OR INTEREST BY REASON OF THE MATTER SHOWN IN PART II OF SCHEDULE B MAY BE NECESSARY TO NAME DEFENDANT IN AN ACTION, THE NATURE OF WHICH IS REFERRED TO IN SCHEDULE A.

B)    THE CURRENT INTEREST HOLDERS CLAIMING SOME RIGHT, TITLE OR INTEREST BY REASON OF THE MATTERS SHOWN IN PART I OF SCHEDULE B MAY ALSO BE NECESSARY TO NAME DEFENDANT IN AN ACTION, THE NATURE OF WHICH IS REFERRED TO IN SCHEDULE A. HOWEVER, NO ASSURANCE IS GIVEN HEREBY AS TO THOSE CURRENT INTEREST HOLDERS.

CONTINUED

EXHIBIT
I

ORDER NO. BU-182228  RB

LITIGATION GUARANTEE
(REV. 6/92)


4.    THE RETURN ADDRESSES FOR MAILING AFTER RECORDING, IF ANY, AS
      SHOWN ON EACH AND EVERY DOCUMENT REFERRED TO IN PART II OF
      SCHEDULE B BY SPECIFIC RECORDING INFORMATION, AND AS SHOWN ON
      THE DOCUMENT(S) VESTING TITLE AS SHOWN IN SCHEDULE A ARE AS
      SHOWN IN SCHEDULE C.


**THIS LITIGATION GUARANTEE IS FURNISHED SOLELY FOR THE PURPOSE OF
FACILITATING THE FILING OF THE ACTION REFERRED TO IN SCHEDULE A.
IT SHALL NOT BE USED OR RELIED UPON FOR ANY OTHER PURPOSE.**


**FIRST AMERICAN TITLE INSURANCE COMPANY**

BY        PARKER S. KENNEDY      PRESIDENT

ATTEST    MARK R. ARNESEN        SECRETARY

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

SCHEDULE A

LIABILITY $1,000.00                              FEE $500.00

1.   NAME OF ASSURED:

     WILLIAM A. WARD, ESQ.

2.   DATE OF GUARANTEE:

     AUGUST 1, 2000, AT 7:30 A.M.

3.   THIS LITIGATION GUARANTEE IS FURNISHED SOLELY FOR THE PURPOSE
     OF FACILITATING THE FILING OF AN ACTION TO

     TO ENFORCE A RECORDED RIGHT OF WAY

4.   THE ESTATE OF INTEREST IN THE LAND WHICH IS COVERED BY THIS
     GUARANTEE IS:

     A FEE AND EASEMENT

5.   TITLE TO THE ESTATE OR INTEREST IN THE LAND IS VESTED IN:

     MOORETOWN RANCHERIA, AS TO PARCELS 2 AND 3 OF PARCELS I-A AND
     I-B;

     THE UNITED STATES OF AMERICA IN TRUST FOR THE INDIANS OF THE
     MOORETOWN RANCHERIA, AS TO PARCEL 4 OF PARCELS I-A AND I-B;

     DENNIS ROBINSON, AN UNMARRIED MAN, AS TO PARCELS II-A THRU II-
     D;

     SPENCER ROBINSON, JR., AS HIS SEPARATE PROPERTY AS TO AN
     UNDIVIDED 1/4 INTEREST AND DENNIS ROBINSON, AS HIS SEPARATE
     PROPERTY AS TO AN UNDIVIDED 1/4 INTEREST AND RICKE ROBINSON,
     AN UNDIVIDED 1/4 INTEREST AND DENNIS ROBINSON, TRUSTEE AND
     SPENCER ROBINSON, JR., TRUSTEE OF THE VICKE BAKER TRUST DATED
     JUNE 29, 1984, AS TO AN UNDIVIDED 1/8 ITEREST AND VICKE
     ROBINSON BAKER, AS HER SEPARATE PROPERY, AS TO AN UNDIVIDED
     1/8 INTEREST, AS TO PARCELS III-A THRU III-C;

     RICKE ROBINSON AND CYNTHIA L. ROBINSON, HUSBAND AND WIFE, AS
     JOINT TENANTS, AS TO PARCELS IV-A THRU IV-D;

CONTINUED

PAGE 3

ORDER NO. BU-182228  RB

LITIGATION GUARANTEE
(REV. 6/92)

VESTING - CONTINUED

SPENCER ROBINSON, JR., AS TO AN UNDIVIDED 1/8 INTEREST; DENNIS
ROBINSON, AS TO AN UNDIVIDED 1/8 INTEREST; RICKE ROBINSON, AS
TO AN UNDIVIDED 1/8 INTEREST; VICKE ROBINSON, ALSO KNOWN AS
VICKE ROBINSON BAKER, AS TO AN UNDIVIDED 1/8 INTEREST; DENNIS
ROBINSON AND SPENCER ROBINSON, JR., TRUSTEES OF THE VICKE
BAKER TRUST DATED JUNE 29, 1984, AS TO AN UNDIVIDED 1/16
INTEREST; AND CLINTON H. MILLER AND LORENE MILLER, HUSBAND AND
WIFE, AS JOINT TENANTS, AS TO AN UNDIVIDED 7/16 INTEREST, ALL
AS TO PARCELS V-A AND V-B

CONTINUED

ORDER NO. BU-182228  RB

LITIGATION GUARANTEE
(REV. 6/92)

**SCHEDULE A - CONTINUED**

6. THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF BUTTE, AND IS DESCRIBED AS FOLLOWS:

<u>PARCEL I-A:</u>

PARCELS 2, 3, AND 4, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON APRIL 30, 1990, IN BOOK 119 OF MAPS, AT PAGE(S) 28, 29, AND 30.

CERTIFICATE OF CORRECTION RECORDED OCTOBER 18, 1999, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 99-44308.

EXCEPTING FROM PARCEL 4 ALL THAT PORTION CONVEYED TO THE COUNTY OF BUTTE BY GRANT DEED RECORDED JUNE 30, 1993, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 93-27575.

AP#:  036-310-162-000, 036-310-163-000, 036-310-170-000

<u>PARCEL I-B:</u>

A 60.00 FOOT RIGHT OF WAY FOR ROAD AND PUBLIC UTILITY PURPOSES OVER ALVERDA DRIVE AND LORENE COURT, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON APRIL 30, 1990, IN BOOK 119 OF MAPS, AT PAGE(S) 28, 29, AND 30.

<u>PARCEL II-A:</u>

COMMENCING AT THE SOUTHWEST CORNER OF PARCEL 2, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, IN BOOK 76 OF MAPS, AT PAGE(S) 32; THENCE NORTH 89 DEG. 43' 59" EAST ALONG THE SOUTH LINE OF SAID PARCEL 2, 60.00 FEET TO THE TRUE POINT OF BEGINNING FOR THE HEREIN DESCRIBED PARCEL OF LAND; THENCE CONTINUING NORTH 89 DEG. 43' 59" EAST, 530.00 FEET; THENCE NORTH 00 DEG. 16' 01" WEST, 448.56 FEET; THENCE SOUTH 89 DEG. 43' 59" WEST, 307.37 FEET TO A POINT ON A NON-TANGENT CURVE, CONCAVE SOUTHEASTERLY HAVING A RADIUS OF 500.00 FEET AND A CENTRAL ANGLE OF 5 DEG. 31' 17" THE RADIAL LINE AT SAID POINT BEARING SOUTH 33 DEG. 03' 03" EAST; THENCE SOUTHWESTERLY

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

DESCRIPTION - CONTINUED

PARCEL II-A - CONTINUED

ALONG SAID CURVE AN ARC DISTANCE OF 48.18 FEET; THENCE SOUTH 51 DEG. 25' 40" WEST, 161.09 FEET TO THE BEGINNING OF A CURVE TO THE LEFT, HAVING A RADIUS OF 150.00 FEET AND A CENTRAL ANGLE OF 51 DEG. 41' 41"; THENCE SOUTHWESTERLY ALONG SAID CURVE AN ARC DISTANCE OF 135.34 FEET; THENCE SOUTH 00 DEG. 16' 01" EAST, 203.00 FEET TO THE POINT OF BEGINNING.

AP#:  036-310-134-000

PARCEL II-B:

A 60 FOOT RIGHT OF WAY FOR ROAD AND PUBLIC UTILITIES OVER LORENE COURT AND ALVERDA DRIVE, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON MARCH 27, 1980, IN BOOK 76 OF MAPS, AT PAGE(S) 32.

EXCEPTING THEREFROM ALL THAT PORTION LYING WITHIN THE BOUNDS OF PARCEL II-A, DESCRIBED HEREIN.

PARCEL II-C:

A NON-EXCLUSIVE RIGHT-OF-WAY FOR ROAD AND PUBLIC UTILITIES OVER A STRIP OF LAND 60.00 FEET IN WIDTH, OVER A PORTION OF PARCEL 2, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, IN BOOK 76 OF MAPS, AT PAGE(S) 32, LYING TO THE LEFT (WESTERLY, NORTHERLY, AND EASTERLY) OF, ADJACENT TO, AND PARALLEL WITH THE FOLLOWING DESCRIBED LINE:

COMMENCING AT THE SOUTHWEST CORNER OF SAID PARCEL 2; THENCE NORTH 89 DEG. 43' 59" EAST, ALONG THE SOUTH LINE OF SAID PARCEL, 60.00 FEET TO THE TRUE POINT OF BEGINNING FOR THE HEREIN DESCRIBED LINE; THENCE NORTH 00 DEG. 16' 01" WEST, 203.00 FEET TO THE BEGINNING OF A CURVE TO THE RIGHT, HAVING A RADIUS OF 150.00 FEET AND A CENTRAL ANGLE OF 51 DEG. 41' 41"; THENCE NORTHEASTERLY ALONG SAID CURVE, AN ARC DISTANCE OF 135.34 FEET; THENCE NORTH 51 DEG. 25' 40" EAST, 161.09 FEET TO THE BEGINNING OF A CURVE TO THE RIGHT, HAVING A RADIUS OF 500.00 FEET AND A CENTRAL ANGLE OF 31 DEG. 33' 02"; THENCE NORTHEASTERLY ALONG SAID CURVE, AN ARC DISTANCE OF 275.33 FEET; THENCE NORTH 82 DEG. 58' 43" EAST, 32.45 FEET TO THE

CONTINUED

ORDER NO. BU-182228  RB

LITIGATION GUARANTEE
(REV. 6/92)

DESCRIPTION - CONTINUED

PARCEL II-C - CONTINUED

BEGINNING OF A CURVE TO THE RIGHT, HAVING A RADIUS OF 20.00
FEET AND A CENTRAL ANGLE OF 129 DEG. 23' 33"; THENCE SOUTHERLY
ALONG SAID CURVE, AN ARC DISTANCE OF 45.17 FEET; THENCE SOUTH
32 DEG. 22' 15" WEST, 58.59 FEET TO A POINT ON THE NORTH LINE
OF THAT PARCEL OF LAND HEREINABOVE DESCRIBED AND THE END OF
SAID LINE.

EXCEPTING THEREFROM ALL THAT PORTION LYING WITHIN THE BOUNDS
OF PARCEL II-A, DESCRIBED HEREIN.

PARCEL II-D:

A NON-EXCLUSIVE EASEMENT FOR THE CONSTRUCTION, INSTALLATION
AND MAINTENANCE OF A WATER LINE, 10 FEET IN WIDTH, LYING 2
FEET NORTHERLY AND WESTERLY, 8 FEET SOUTHERLY AND EASTERLY OF
THE FOLLOWING DESCRIBED LINE:

BEGINNING AT A POINT IN THE CENTER OF THE EXISTING O.W.I.D
DITCH, FROM WHICH THE SOUTHEAST CORNER OF PARCEL 2, AS SHOWN
ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE
RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, IN BOOK
76 OF MAPS, AT PAGE(S) 32, BEARS SOUTH 02 DEG. 08' 33" EAST,
827.92 FEET; THENCE FROM THE POINT OF BEGINNING THE FOLLOWING
22 COURSES:

```
 (1) NORTH 84 DEG. 13' 07" WEST, 80.100 FEET;
 (2) NORTH 83 DEG. 24' 03" WEST, 86.707 FEET;
 (3) NORTH 85 DEG. 03' 04" WEST, 95.513 FEET;
 (4) NORTH 85 DEG. 52' 54" WEST, 187.588 FEET;
 (5) NORTH 83 DEG. 08' 13" WEST, 83.511 FEET;
 (6) NORTH 80 DEG. 02' 40" WEST, 63.966 FEET;
 (7) NORTH 85 DEG. 53' 16" WEST, 35.555 FEET;
 (8) SOUTH 86 DEG. 30' 10" WEST, 36.612 FEET;
 (9) SOUTH 79 DEG. 41' 34" WEST, 38.123 FEET;
(10) SOUTH 65 DEG. 04' 52" WEST, 59.601 FEET;
(11) SOUTH 59 DEG. 19' 24" WEST, 68.303 FEET;
(12) SOUTH 53 DEG. 04' 52" WEST, 86.403 FEET;
(13) SOUTH 43 DEG. 03' 32" WEST, 85.126 FEET;
(14) SOUTH 40 DEG. 15' 12" WEST, 59.946 FEET;
(15) SOUTH 40 DEG. 30' 56" WEST, 96.563 FEET;
(16) SOUTH 39 DEG. 37' 20" WEST, 99.859 FEET;
(17) SOUTH 41 DEG. 09' 49" WEST, 60.096 FEET;
(18) NORTH 65 DEG. 26' 55" WEST, 48.647 FEET;
(19) SOUTH 33 DEG. 14' 39" WEST, 16.006 FEET;
```

CONTINUED

PAGE 7

ORDER NO. BU-182228  RB

LITIGATION GUARANTEE
(REV. 6/92)

DESCRIPTION - CONTINUED

PARCEL II-D - CONTINUED

(20) SOUTH 45 DEG. 06' 48" WEST, 41.331 FEET;
(21) SOUTH 53 DEG. 58' 00" WEST, 34.960 FEET;
(22) SOUTH 45 DEG. 23' 37" WEST, 128.598 FEET TO THE EAST LINE
OF THAT CERTAIN PARCEL DEEDED TO PATRICIA ROBINSON IN DEED
RECORDED SEPTEMBER 22, 1984, IN BOOK 2552, PAGE 634, OFFICIAL
RECORDS, FROM WHICH THE NORTHEAST CORNER BEARS NORTH 00 DEG.
16' 01" WEST, 109.09 FEET.

PARCEL III-A:

PARCEL 2, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE
OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF
CALIFORNIA, ON MARCH 27, 1980, IN BOOK 76 OF MAPS, AT PAGE(S)
32.

EXCEPTING THEREFROM ALL THAT PORTION DESCRIBED AS FOLLOWS:

COMMENCING AT THE SOUTHWEST CORNER OF PARCEL 2, AS SHOWN ON
THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE
RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, IN BOOK
76 OF MAPS, AT PAGE(S) 32; THENCE NORTH 89 DEG. 43' 59" EAST
ALONG THE SOUTH LINE OF SAID PARCEL 2, 60.00 FEET TO THE TRUE
POINT OF BEGINNING FOR THE HEREIN DESCRIBED PARCEL OF LAND;
THENCE CONTINUING NORTH 89 DEG. 43' 59" EAST, 530.00 FEET;
THENCE NORTH 00 DEG. 16' 01" WEST, 448.56 FEET; THENCE SOUTH
89 DEG. 43' 59" WEST, 307.37 FEET TO A POINT ON A NON-TANGENT
CURVE, CONCAVE SOUTHEASTERLY HAVING A RADIUS OF 500.00 FEET
AND A CENTRAL ANGLE OF 5 DEG. 31' 17" THE RADIAL LINE AT SAID
POINT BEARING SOUTH 33 DEG. 03' 03" EAST; THENCE SOUTHWESTERLY
ALONG SAID CURVE AN ARC DISTANCE OF 48.18 FEET; THENCE SOUTH
51 DEG. 25' 40" WEST, 161.09 FEET TO THE BEGINNING OF A CURVE
TO THE LEFT, HAVING A RADIUS OF 150.00 FEET AND A CENTRAL
ANGLE OF 51 DEG. 41' 41"; THENCE SOUTHWESTERLY ALONG SAID
CURVE AN ARC DISTANCE OF 135.34 FEET; THENCE SOUTH 00 DEG. 16'
01" EAST, 203.00 FEET TO THE POINT OF BEGINNING.

ALSO EXCEPTING THEREFROM THAT PORTION DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID PARCEL 2; THENCE
EASTERLY ALONG THE NORTH LINE OF SAID PARCEL 2 NORTH 89 DEG.
46' 45" EAST 795.25 FEET; THENCE LEAVING SAID NORTH LINE SOUTH

CONTINUED

ORDER NO. BU-182228  RB

LITIGATION GUARANTEE
(REV. 6/92)

### DESCRIPTION - CONTINUED

### PARCEL III-A - CONTINUED

00 DEG. 16' 01" EAST 332.60 FEET; THENCE SOUTH 89 DEG. 23' 04" WEST  795.26 FEET TO THE WEST LINE OF SAID PARCEL 2; THENCE NORTHERLY ALONG SAID WEST LINE NORTH 00 DEG. 16' 01" WEST 338.08 FEET TO THE POINT OF BEGINNING.

AP#:  036-310-154-000

### PARCEL III-B:

A 60 FOOT RIGHT OF WAY FOR ROAD AND PUBLIC UTILITIES OVER LORENE COURT AND ALVERDA DRIVE, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, ON MARCH 27, 1980, IN BOOK 76 OF MAPS, AT PAGE(S) 32.

EXCEPTING THEREFROM ALL THAT PORTION LYING WITHIN THE BOUNDS OF PARCEL III-A, DESCRIBED HEREIN.

### PARCEL III-C:

A RIGHT OF WAY FOR PUBLIC UTILITIES OVER THE SOUTHERLY 15 FEET OF THE FOLLOWING DESCRIBED PARCEL OF LAND:

COMMENCING AT THE SOUTHWEST CORNER OF PARCEL 2, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, IN BOOK 76 OF MAPS, AT PAGE(S) 32; THENCE NORTH 89 DEG. 43' 59" EAST ALONG THE SOUTH LINE OF SAID PARCEL 2, 60.00 FEET TO THE TRUE POINT OF BEGINNING FOR THE HEREIN DESCRIBED PARCEL OF LAND; THENCE CONTINUING NORTH 89 DEG. 43' 59" EAST, 530.00 FEET; THENCE NORTH 00 DEG. 16' 01" WEST, 448.56 FEET; THENCE SOUTH 89 DEG. 43' 59" WEST, 307.37 FEET TO A POINT ON A NON-TANGENT CURVE, CONCAVE SOUTHEASTERLY HAVING A RADIUS OF 500.00 FEET AND A CENTRAL ANGLE OF 5 DEG. 31' 17" THE RADIAL LINES AT SAID POINT BEARING SOUTH 33 DEG. 03' 03" EAST; THENCE SOUTHWESTERLY ALONG SAID CURVE AN ARC DISTANCE OF 48.18 FEET; THENCE SOUTH 51 DEG. 25' 40" WEST, 161.09 FEET TO THE BEGINNING OF A CURVE TO THE LEFT, HAVING A RADIUS OF 150.00 FEET AND A CENTRAL ANGLE OF 51 DEG. 41' 41"; THENCE SOUTHWESTERLY ALONG SAID CURVE AN ARC DISTANCE OF 135.34 FEET; THENCE SOUTH 00 DEG. 16' 01" EAST, 203.00 FEET TO THE POINT OF BEGINNING.

CONTINUED

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

DESCRIPTION - CONTINUED

PARCEL IV-A:

ALL THAT REAL PROPERTY SITUATED IN SECTION 27, TOWNSHIP 19
NORTH, RANGE 4 EAST, M.D.B. & M., BEING A PORTION OF PARCEL 2,
AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF
THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, IN
BOOK 76 OF MAPS, AT PAGE(S) 32, AND MORE PARTICULARLY
DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHWEST CORNER OF SAID PARCEL 2; THENCE
EASTERLY ALONG THE NORTH LINE OF SAID PARCEL 2, NORTH 89 DEG.
46' 45" EAST, 795.25 FEET; THENCE LEAVING SAID NORTH LINE,
SOUTH 00 DEG. 16' 01" EAST, 332.60 FEET; THENCE SOUTH 89 DEG.
23' 04" WEST, 795.26 FEET TO THE WEST LINE OF SAID PARCEL 2;
THENCE NORTHERLY ALONG SAID WEST LINE, NORTH 00 DEG. 16' 01"
WEST, 338.08 FEET TO THE POINT OF BEGINNING.

AP#:  036-310-155-000

PARCEL IV-B:

A NON-EXCLUSIVE RIGHT-OF-WAY FOR ROAD AND PUBLIC UTILITIES
OVER A STRIP OF LAND LYING 60.00 FEET IN WIDTH, OVER A PORTION
OF PARCEL 2, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN
THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF
CALIFORNIA, IN BOOK 76 OF MAPS, AT PAGE(S) 32, LYING TO THE
LEFT (WESTERLY AND NORTHERLY) OF, CONTIGUOUS TO, AND PARALLEL
WITH THE FOLLOWING DESCRIBED LINE:

COMMENCING AT THE SOUTHWEST CORNER OF SAID PARCEL 2; THENCE
NORTH 89 DEG. 43' 59" EAST, ALONG THE SOUTH LINE OF SAID
PARCEL, 60.00 FEET TO THE TRUE POINT OF BEGINNING FOR THE
HEREIN DESCRIBED LINE; THENCE NORTH 00 DEG. 16' 01" WEST,
203.00 FEET TO THE BEGINNING OF A CURVE TO THE RIGHT, HAVING
A RADIUS OF 150.00 FEET AND A CENTRAL ANGLE OF 51 DEG. 41'
41"; THENCE NORTHEASTERLY ALONG SAID CURVE, AN ARC DISTANCE OF
135.34 FEET; THENCE NORTH 51 DEG. 25' 40" EAST, 161.09 FEET TO
THE BEGINNING OF A CURVE TO THE RIGHT, HAVING A RADIUS OF
500.00 FEET AND A CENTRAL ANGLE OF 31 DEG. 33' 02; THENCE
NORTHEASTERLY ALONG SAID CURVE, AN ARC DISTANCE OF 275.33
FEET; THENCE NORTH 82 DEG. 58' 43" EAST, 88.44 FEET; THENCE
ALONG A TANGENT CURVE CONCAVE NORTHWESTERLY, HAVING A RADIUS
OF 100.00 FEET, A CENTRAL ANGLE OF 52 DEG. 09' 54", A DISTANCE

CONTINUED

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

### DESCRIPTION - CONTINUED

### PARCEL IV-B - CONTINUED

OF 91.04 FEET; THENCE NORTH 30 DEG. 48' 49" EAST, 285.31 FEET; THENCE ALONG A TANGENT CURVE CONCAVE WESTERLY, HAVING A RADIUS OF 205.00 FEET, A DISTANCE OF 237.59 FEET TO THE EAST LINE OF THE PARCEL OF LAND HEREIN DESCRIBED, AND THE END OF SAID LINE.

### PARCEL IV-C:

A NON-EXCLUSIVE RIGHT-OF-WAY, 60.00 FEET IN WIDTH, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, IN BOOK 76 OF MAPS, AT PAGE(S) 32, OVER THOSE PORTIONS OF PARCEL 3 OF SAID PARCEL MAP WHICH ARE DESIGNATED FOR SAID PURPOSES AND ARE SHOWN ON SAID MAP AS ALVERDA DRIVE AND AS LORENE COURT.

### PARCEL IV-D:

AN EASEMENT FOR THE CONSTRUCTION, INSTALLATION, AND MAINTENANCE OF A WATER LINE, 10 FEET IN WIDTH, LYING 2 FEET NORTHERLY AND WESTERLY, 8 FEET SOUTHERLY AND EASTERLY OF THE FOLLOWING DESCRIBED LINE:

BEGINNING AT A POINT IN THE CENTER OF THE EXISTING O.W.I.D. DITCH FROM WHICH THE SOUTHEAST CORNER OF PARCEL 2, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, IN BOOK 76 OF MAPS, AT PAGE(S) 32, BEARS SOUTH 02 DEG. 08' 33" EAST, 827.92 FEET; THENCE FROM THE POINT OF BEGINNING, THE FOLLOWING 23 COURSES:

```
 (1) NORTH 84 DEG. 13' 07" WEST, 80.100 FEET;
 (2) NORTH 83 DEG. 24' 03" WEST, 86.707 FEET;
 (3) NORTH 85 DEG. 03' 04" WEST, 95.513 FEET;
 (4) NORTH 85 DEG. 52' 54" WEST, 187.588 FEET;
 (5) NORTH 83 DEG. 08' 13" WEST, 83.511 FEET;
 (6) NORTH 80 DEG. 02' 40" WEST, 63.966 FEET;
 (7) NORTH 85 DEG. 53' 16" WEST, 35.555 FEET;
 (8) SOUTH 86 DEG. 30' 10" WEST, 36.612 FEET;
 (9) SOUTH 79 DEG. 41' 34" WEST, 38.123 FEET;
(10) SOUTH 65 DEG. 04' 52" WEST, 59.601 FEET;
(11) SOUTH 59 DEG. 19' 24" WEST, 68.303 FEET;
(12) SOUTH 53 DEG. 04' 52" WEST, 86.403 FEET;
(13) SOUTH 43 DEG. 03' 32" WEST, 85.126 FEET;
(14) SOUTH 40 DEG. 15' 12" WEST, 59.946 FEET;
(15) SOUTH 40 DEG. 30' 56" WEST, 96.563 FEET;
```

CONTINUED

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

DESCRIPTION - CONTINUED

PARCEL IV-D - CONTINUED

(16) SOUTH 39 DEG. 37' 20" WEST, 99.859 FEET;
(17) SOUTH 39 DEG. 23' 58" WEST, 71.675 FEET;
(18) NORTH 24 DEG. 40' 55" WEST, 15.190 FEET;
(19) NORTH 52 DEG. 52' 51" WEST, 120.977 FEET;
(20) NORTH 52 DEG. 09' 23" WEST, 76.043 FEET;
(21) NORTH 57 DEG. 52' 56" WEST, 50.154 FEET;
(22) NORTH 7 DEG. 50' 55" EAST, 121.678 FEET;
(23) NORTH 12 DEG. 46' 47" EAST, 246.844 FEET TO THE SOUTH
LINE OF THE ABOVE DESCRIBED PARCEL, FROM WHICH THE SOUTHEAST
CORNER OF SAID PARCEL BEARS NORTH 89 DEG. 23' 04" EAST, 140.19
FEET.

PARCEL V-A:

THE NORTH HALF OF THE NORTHEAST QUARTER, THE SOUTHEAST QUARTER
OF THE NORTHEAST QUARTER, THE NORTH HALF OF THE NORTHEAST
QUARTER OF THE SOUTHEAST QUARTER, ALL IN SECTION 34, TOWNSHIP
19 NORTH, RANGE 4 EAST, M.D.B. & M., AND THE NORTH HALF OF THE
NORTHWEST QUARTER, AND ALL THAT PORTION OF THE SOUTH HALF OF
THE NORTHWEST QUARTER LYING NORTHERLY AND WESTERLY OF THE
PIONEER RAVINE, IN SECTION 35, TOWNSHIP 19 NORTH, RANGE 4
EAST, M.D.B. & M.

SAID PORTION OF THE SOUTH HALF OF THE NORTHWEST QUARTER OF
SAID SECTION 35, BEING DESIGNATED AS LOTS 1 AND 2, AS SHOWN ON
THAT CERTAIN MAP ENTITLED, "WHEELER SUBDIVISION", WHICH MAP
WAS RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF
BUTTE, STATE OF CALIFORNIA, ON APRIL 18, 1899, IN BOOK 2 OF
MAPS, AT PAGE(S) 115.

AP#: 036-310-007-000

PARCEL V-B:

A PORTION OF SECTION 34, TOWNSHIP 19 NORTH, RANGE 4 EAST,
DESCRIBED AS FOLLOWS:

BEING A RIGHT-OF-WAY FOR ROAD AND PUBLIC UTILITIES PURPOSES,
60 FEET IN WIDTH, LYING EASTERLY OF AND ADJACENT TO THE
FOLLOWING DESCRIBED LINE:

BEGINNING AT THE NORTHWEST CORNER OF THE SOUTHWEST QUARTER OF
THE NORTHEAST QUARTER OF SAID SECTION 34; THENCE SOUTHERLY
ALONG THE NORTH-SOUTH CENTERLINE OF SAID SECTION 34, TO A

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

DESCRIPTION - CONTINUED

PARCEL V-B - CONTINUED

POINT IN THE NORTHERLY RIGHT-OF-WAY OF LOWER WYANDOTTE ROAD, AS THE SAME IS DESCRIBED IN THAT CERTAIN DEED, P.C. DRESCHER TO BUTTE COUNTY, RECORDED IN BOOK 217 OF DEEDS, PAGE 377, BUTTE COUNTY RECORDS.

PARCEL V-C:

A PORTION OF SECTION 34, TOWNSHIP 19 NORTH, RANGE 4 EAST, M.D.B. & M., DESCRIBED AS FOLLOWS:

BEING A RIGHT-OF-WAY FOR ROAD AND PUBLIC UTILITIES PURPOSES, 60 FEET IN WIDTH, LYING NORTHERLY OF AND ADJACENT TO THE FOLLOWING DESCRIBED LINE:

BEGINNING AT THE CENTER OF SAID SECTION 34; THENCE EASTERLY TO THE SOUTHEAST CORNER OF THE SOUTHWEST QUARTER OF THE NORTHEAST QUARTER OF SAID SECTION 34.

PARCEL V-D:

BEING A RIGHT-OF-WAY FOR ROAD AND PUBLIC UTILITIES PURPOSES, 60 FEET IN WIDTH, LYING 30 FEET ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTERLINE:

BEGINNING AT A POINT IN THE CENTERLINE OF LOWER WYANDOTTE ROAD, FROM WHICH THE CORNER COMMON TO SECTIONS 27, 28, 33 AND 34, TOWNSHIP 19 NORTH, RANGE 4 EAST, M.D.B. & M., BEARS NORTH 09 DEG. 31' 56" EAST, A DISTANCE OF 791.73 FEET; THENCE FROM SAID POINT OF BEGINNING, NORTH 29 DEG. 42' 55" EAST, A DISTANCE OF 291.44 FEET TO THE BEGINNING OF A TANGENT CURVE TO THE RIGHT, HAVING A RADIUS OF 275 FEET AND A CENTRAL ANGLE OF 65 DEG. 19' 44"; THENCE ALONG SAID CURVE, AN ARC DISTANCE OF 313.56 FEET, TO END OF CURVE; THENCE SOUTH 84 DEG. 57' 21" EAST, A DISTANCE OF 918.80 FEET TO THE BEGINNING OF A TANGENT CURVE TO THE LEFT, HAVING A RADIUS OF 5000 FEET AND A CENTRAL ANGLE OF 03 DEG. 25' 54"; THENCE ALONG SAID CURVE, AN ARC DISTANCE OF 299.47 FEET TO THE END OF CURVE; THENCE SOUTH 88 DEG. 23' 15" EAST, A DISTANCE OF 509.92 FEET TO THE END OF ALVERDA DRIVE, AS SHOWN ON THAT CERTAIN PARCEL MAP, RECORDED IN THE OFFICE OF THE RECORDER OF THE COUNTY OF BUTTE, STATE OF CALIFORNIA, IN BOOK 76 OF MAPS, AT PAGE(S) 32; THENCE CONTINUING SOUTH 88 DEG. 23' 15" EAST, 640 FEET, MORE OR LESS, TO A POINT ON THE NORTH-SOUTH CENTERLINE OF SAID SECTION 34.

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

### SCHEDULE B

DEFECTS, LIENS, ENCUMBRANCES OR OTHER MATTERS AFFECTING TITLE:

THE FOLLOWING EXCEPTIONS 1-18 AND TAX NOTE AFFECT PARCEL I:

1.   **GENERAL AND SPECIAL BUTTE COUNTY TAXES** FOR THE FISCAL YEAR 2000-2001, A LIEN, BUT NOT YET DUE OR PAYABLE.

2.   **THE LIEN OF SUPPLEMENTAL TAXES** ASSESSED PURSUANT TO CHAPTER 3.5 COMMENCING WITH SECTION 75 OF THE CALIFORNIA REVENUE AND TAXATION CODE.

A REPORT HAS BEEN ORDERED TO DETERMINE IF A SUPPLEMENTAL TAX BILL HAS BEEN SENT OUT.  IF A BILL HAS BEEN SENT, A REPORT WILL FOLLOW PRIOR TO THE CLOSE OF ESCROW.

**RE-CHECK SUPPLEMENTAL TAXES PRIOR TO THE CLOSE OF ESCROW.**

3.   **THE HEREIN DESCRIBED LAND** LIES WITHIN THE BOUNDS OF OROVILLE WYANDOTTE IRRIGATION DISTRICT.

NOTE:     FOR ANY AMOUNTS DUE, CONTACT:
          OROVILLE WYANDOTTE IRRIGATION DISTRICT
          P.O. BOX 581
          OROVILLE, CA  95965-0581       PHONE  533-4578

4.   **THE HEREIN DESCRIBED LAND** LIES WITHIN THE BOUNDS OF LAKE OROVILLE AREA PUBLIC UTILITY DISTRICT.

NOTE:     FOR ANY AMOUNTS DUE, CONTACT:
          LAKE OROVILLE AREA PUBLIC UTILITY DISTRICT
          1960 ELGIN
          OROVILLE, CA   95966        PHONE  533-2000

5.   **AN EASEMENT** AFFECTING THE PORTION OF SAID LAND AND FOR THE PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES AS RESERVED
FOR:              DITCHES, PIPELINES AND/OR CANALS
RECORDED:         FEBRUARY 4, 1889, IN BOOK B OF COVENANTS, PAGE
                  99, BUTTE COUNTY RECORDS, AND APRIL 24, 1933,
                  IN BOOK 98, PAGE 378, OFFICIAL RECORDS.

THE EXACT ROUTE OR LOCATION OF SAID EASEMENT IS NOT DEFINED OF RECORD AND MAY OR MAY NOT AFFECT THE HEREIN DESCRIBED PROPERTY.

CONTINUED

PAGE 14

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

**ITEM 5 - CONTINUED**

THE EFFECT OF A QUITCLAIM DEED FROM OROVILLE-WYANDOTTE IRRIGATION
DISTRICT RECORDED JUNE 24, 1999, UNDER BUTTE COUNTY RECORDER'S
SERIAL NO. 99-27360.

DUE TO THE FACT THAT SAID DEED FAILS TO DESCRIBE SAID LAND TO BE
QUITCLAIMED.

6.   **A RIGHT OF WAY** AFFECTING THE PORTION OF SAID LAND AND FOR THE
PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                   POLE LINE
RECORDED:              MARCH 15, 1900, IN BOOK 55 OF DEEDS, PAGE 292,
                       BUTTE COUNTY RECORDS.

THE EXACT ROUTE OR LOCATION OF SAID EASEMENT IS NOT DEFINED OF
RECORD AND MAY OR MAY NOT AFFECT THE HEREIN DESCRIBED PROPERTY.

7.   **THE RIGHT TO CONSTRUCT**, PLACE, INSPECT, MAINTAIN, REPLACE,
REMOVE AND USE FACILITIES OF THE TYPES STATED HEREIN AND OTHER
INCIDENTAL PURPOSES
IN FAVOR OF:           GREAT WESTERN POWER COMPANY
FOR:                   TRANSMISSION AND DISTRIBUTION OF ELECTRICITY
FACILITIES:            TOWER LINE
RECORDED:              MARCH 9, 1927, IN BOOK 226 OF DEEDS, PAGE 55,
                       BUTTE COUNTY RECORDS.

THE EXACT ROUTE OR LOCATION OF SAID EASEMENT IS NOT DEFINED OF
RECORD AND MAY OR MAY NOT AFFECT THE HEREIN DESCRIBED PROPERTY.

8.   **THE RIGHT TO CONSTRUCT**, PLACE, INSPECT, MAINTAIN, REPLACE,
REMOVE AND USE FACILITIES OF THE TYPES STATED HEREIN AND OTHER
INCIDENTAL PURPOSES
IN FAVOR OF:           PACIFIC TELEPHONE AND TELEGRAPH COMPANY
FOR:                   COMMUNICATION FACILITIES
FACILITIES:            POLES, ANCHORS, GUYS, ETC.
RECORDED:              NOVEMBER 6, 1979, IN BOOK 2460, PAGE 159,
                       OFFICIAL RECORDS.
AFFECTS:               THE EASTERLY PORTION.

9.   **ROAD MAINTENANCE AGREEMENT** AND OTHER INCIDENTALS
EXECUTED BY:           CLINTON H. MILLER, ET AL
RECORDED:              MARCH 27, 1980, IN BOOK 2500, PAGE 262,
                       OFFICIAL RECORDS.

CONTINUED

PAGE 15

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)


10.  **A NON-EXCLUSIVE EASEMENT** AFFECTING THE PORTION OF SAID LAND
AND FOR THE PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                     ROAD AND PUBLIC UTILITIES
RECORDED:                SEPTEMBER 27, 1980, IN BOOK 2552, PAGE 634,
                         OFFICIAL RECORDS.
AFFECTS:                 THAT PORTION LYING WITHIN ALVERDA DRIVE AND
                         LORENE COURT.


11.  **AGRICULTURAL STATEMENT OF ACKNOWLEDGEMENT FOR RESIDENTIAL
DEVELOPMENT,**
EXECUTED BY:             ALVERDA ROBINSON, ET AL
RECORDED:                APRIL 8, 1985, UNDER BUTTE COUNTY RECORDER'S
                         SERIAL NO. 85-09759.


12.  **AN EASEMENT** AFFECTING THE PORTION OF SAID LAND AND FOR THE
PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                     ROAD AND PUBLIC UTILITIES
RECORDED:                NOVEMBER   7,   1986,   UNDER   BUTTE   COUNTY
                         RECORDER'S SERIAL NO. 86-40035.
AFFECTS:                 A CENTRAL PORTION OF PARCEL 2, AND ALVERDA
                         DRIVE.


13.  **THE RIGHT TO CONSTRUCT,** PLACE, INSPECT, MAINTAIN, REPLACE,
REMOVE AND USE FACILITIES OF THE TYPES STATED HEREIN AND OTHER
INCIDENTAL PURPOSES
IN FAVOR OF:             PACIFIC GAS AND ELECTRIC COMPANY AND PACIFIC
                         BELL
FOR:                     POLE LINE
FACILITIES:              POLES, AERIAL WIRES, CABLES, ETC.
RECORDED:                AUGUST 10, 1987, UNDER BUTTE COUNTY RECORDER'S
                         SERIAL NO. 87-28811.
AFFECTS:                 THE NORTHERLY PORTION.


14.  **ANY RIGHTS OR CLAIMS** BY REASON OF MATTERS THAT MAY BE
DISCLOSED BY THAT CERTAIN RECORD OF SURVEY
RECORDED:                DECEMBER 23, 1987, IN BOOK 110, OF MAPS, AT
                         PAGE(S) 12, BUTTE COUNTY RECORDS.


15.  **AGRICULTURAL STATEMENT OF ACKNOWLEDGEMENT FOR RESIDENTIAL
DEVELOPMENT,**
EXECUTED BY:             THOMAS A. POOLE
RECORDED:                OCTOBER   25,   1988,   UNDER   BUTTE   COUNTY
                         RECORDER'S SERIAL NO. 88-36315.


CONTINUED

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

16. **EASEMENTS, SET BACK LINES AND NOTE(S)** AS SHOWN OR DEDICATED BY PARCEL MAP
RECORDED: APRIL 30, 1990, IN BOOK 119 OF MAPS, AT PAGE(S) 28, 29, AND 30, BUTTE COUNTY RECORDS.

CERTIFICATE OF CORRECTION RECORDED OCTOBER 18, 1999, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 99-44308.

SEE PARCEL MAP ENCLOSED WITHIN THIS REPORT.

17. **THE RIGHT TO CONSTRUCT**, PLACE, INSPECT, MAINTAIN, REPLACE, REMOVE AND USE FACILITIES OF THE TYPES STATED HEREIN AND OTHER INCIDENTAL PURPOSES
IN FAVOR OF: PACIFIC GAS AND ELECTRIC COMPANY, A CALIFORNIA CORPORATION, AND PACIFIC BELL, A CALIFORNIA CORPORATION
FACILITIES: POLES, AERIAL WIRES, CABLES, ETC.
RECORDED: OCTOBER 29, 1996, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 96-40953.
AFFECTS: THE EASTERLY 30 FEET OF PARCEL 3.

18. **A DEED OF TRUST** TO SECURE AN INDEBTEDNESS IN THE ORIGINAL PRINCIPAL SUM OF $300,000.00, AND ANY OTHER AMOUNTS AND/OR OBLIGATIONS SECURED THEREBY
DATED: JANUARY 6, 1998
TRUSTOR: MOORETOWN RANCHERIA
TRUSTEE: FIDELITY NATIONAL TITLE INSURANCE COMPANY, A CORPORATION
BENEFICIARY: THOMAS A. POOLE, A MARRIED MAN, AS HIS SOLE AND SEPARATE PROPERTY
RECORDED: JANUARY 21, 1998, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 98-02285.
AFFECTS: PARCEL 2.

19. **THE RIGHT TO CONSTRUCT**, PLACE, INSPECT, MAINTAIN, REPLACE, REMOVE AND USE FACILITIES OF THE TYPES STATED HEREIN AND OTHER INCIDENTAL PURPOSES
IN FAVOR OF: PACIFIC GAS AND ELECTRIC COMPANY, A CALIFORNIA CORPORATION, AND PACIFIC BELL, A CALIFORNIA CORPORATION
FACILITIES: POLES, AERIAL WIRES, CABLES, ETC.
RECORDED: JANUARY 23, 1998, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 98-02642.
AFFECTS: A SOUTHWESTERLY PORTION OF PARCEL 3.

CONTINUED

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

**TAX NOTE:**

**GENERAL AND SPECIAL BUTTE COUNTY TAXES** FOR THE FISCAL YEAR 1999-2000,

SAID PARCEL WAS TAX EXEMPT FOR THE ABOVE FISCAL YEAR.

AP# 036-310-162-000     CODE AREA 092-007

| | |
|---|---|
| 1ST INSTALLMENT: | $1,459.76, PAID |
| 2ND INSTALLMENT: | $1,459.76, PAID |
| EXEMPTION: | $-0- |
| ASSESSED: | SEPARATELY |
| AP# 036-310-163-000 | CODE AREA 092-007 |

SAID PARCEL WAS TAX EXEMPT FOR THE ABOVE FISCAL YEAR.

AP# 036-310-170-000     CODE AREA 092-004

**THE FOLLOWING EXCEPTIONS 20-37 AND TAX NOTE AFFECT PARCELS II-A THRU IV-D:**

20.  **GENERAL AND SPECIAL BUTTE COUNTY TAXES** FOR THE FISCAL YEAR 2000-2001, A LIEN, BUT NOT YET DUE OR PAYABLE.

21.  **THE LIEN OF SUPPLEMENTAL TAXES** ASSESSED PURSUANT TO CHAPTER 3.5 COMMENCING WITH SECTION 75 OF THE CALIFORNIA REVENUE AND TAXATION CODE.

A REPORT HAS BEEN ORDERED TO DETERMINE IF A SUPPLEMENTAL TAX BILL HAS BEEN SENT OUT.  IF A BILL HAS BEEN SENT, A REPORT WILL FOLLOW PRIOR TO THE CLOSE OF ESCROW.

**RE-CHECK SUPPLEMENTAL TAXES PRIOR TO THE CLOSE OF ESCROW.**

22.  **THE HEREIN DESCRIBED LAND** LIES WITHIN THE BOUNDS OF OROVILLE WYANDOTTE IRRIGATION DISTRICT.

NOTE:     FOR ANY AMOUNTS DUE, CONTACT:
          OROVILLE WYANDOTTE IRRIGATION DISTRICT
          P.O. BOX 581
          OROVILLE, CA  95965-0581     PHONE  533-4578

CONTINUED

PAGE 18

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

23. **AN EASEMENT** AFFECTING THE PORTION OF SAID LAND AND FOR THE
PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                    PIPELINE
RECORDED:               MAY 4, 1889, IN BOOK "B" OF COVENANTS, PAGE
                        99, BUTTE COUNTY RECORDS.

THE EXACT ROUTE OR LOCATION OF SAID EASEMENT/RIGHT OF WAY IS NOT
DEFINED OF RECORD AND MAY OR MAY NOT AFFECT THE HEREIN DESCRIBED
PROPERTY.

24. **A RIGHT OF WAY** AFFECTING THE PORTION OF SAID LAND AND FOR THE
PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                    ELECTRIC POLE LINES
RECORDED:               MARCH 15, 1900, IN BOOK 55 OF DEEDS, PAGE 292,
                        BUTTE COUNTY RECORDS.

THE EXACT ROUTE OR LOCATION OF SAID EASEMENT/RIGHT OF WAY IS NOT
DEFINED OF RECORD AND MAY OR MAY NOT AFFECT THE HEREIN DESCRIBED
LAND.

25. **AN EASEMENT** AFFECTING THE PORTION OF SAID LAND AND FOR THE
PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                    PIPELINE
RECORDED:               APRIL 24, 1933, IN BOOK 98, PAGE 378, OFFICIAL
                        RECORDS.

THE EXACT ROUTE OR LOCATION OF SAID EASEMENT/RIGHT OF WAY IS NOT
DEFINED OF RECORD AND MAY OR MAY NOT AFFECT THE HEREIN DESCRIBED
PROPERTY.

26. **ROAD MAINTENANCE AGREEMENT** AND OTHER INCIDENTALS
EXECUTED BY:            CLINTON H. MILLER, ET AL
RECORDED:               MARCH 27, 1980, IN BOOK 2500, PAGE 262,
                        OFFICIAL RECORDS.

27. **EASEMENTS AND SET BACK LINES** AS SHOWN OR DEDICATED BY PARCEL
MAP
RECORDED:               MARCH 27, 1980, IN BOOK 76 OF MAPS, AT PAGE(S)
                        32, BUTTE COUNTY RECORDS.

28. **A NON-EXCLUSIVE RIGHT OF WAY** AFFECTING THE PORTION OF SAID
LAND AND FOR THE PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                    ROAD AND PUBLIC UTILITIES
RECORDED:               SEPTEMBER 22, 1980, IN BOOK 2552, PAGE 634,
                        OFFICIAL RECORDS.
AFFECTS:                THE WESTERLY PORTION OF PARCELS II AND III.

CONTINUED

PAGE 19

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

29.  **A RIGHT OF WAY** AFFECTING THE PORTION OF SAID LAND AND FOR THE
PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES AS RESERVED
FOR:                    PUBLIC UTILITIES
RECORDED:               SEPTEMBER 22, 1980, IN BOOK 2552, PAGE 634,
                        OFFICIAL RECORDS.
AFFECTS:                THE SOUTH 15 FEET OF PARCEL II.

30.  **AN AGREEMENT FIXING BOUNDARY LINE AND GRANT OF EASEMENT FOR
FENCE,**
DATED:                  NOVEMBER 7, 1983
BY AND BETWEEN:         HAROLD J. MILLER, ET UX AND SPENCE ROBINSON,
                        ET AL
RECORDED:               DECEMBER 18, 1984, IN BOOK 3016, PAGE 372,
                        OFFICIAL RECORDS.
AFFECTS:                THE EAST LINE OF PARCEL III.

REFERENCE IS HEREBY MADE TO THE RECORDED INSTRUMENT FOR A FULL
UNDERSTANDING.

31.  **AGRICULTURAL STATEMENT OF ACKNOWLEDGEMENT FOR RESIDENTIAL
DEVELOPMENT,**
EXECUTED BY:            ALVERDA ROBINSON, ET AL
RECORDED:               APRIL 8, 1985, UNDER BUTTE COUNTY RECORDER'S
                        SERIAL NO. 85-9759.

32.  **A NON-EXCLUSIVE EASEMENT** AFFECTING THE PORTION OF SAID LAND
AND FOR THE PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                    CONSTRUCTION, INSTALLATION AND MAINTENANCE OF
                        A WATERLINE
RECORDED:               MAY 18, 1988, UNDER BUTTE COUNTY RECORDER'S
                        SERIAL NO. 88-15571.
AFFECTS:                THE MIDDLE AND SOUTHERLY PORTION OF PARCEL
                        III.

33.  **A NON-EXCLUSIVE RIGHT OF WAY** AFFECTING THE PORTION OF SAID
LAND AND FOR THE PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                    ROAD AND PUBLIC UTILITIES
RECORDED:               AUGUST 3, 1988, UNDER BUTTE COUNTY RECORDER'S
                        SERIAL NO. 88-25207.
AFFECTS:                THE WESTERLY PORTION OF PARCEL III.

34.  **AN EASEMENT** AFFECTING THE PORTION OF SAID LAND AND FOR THE
PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                    CONSTRUCTION, INSTALLATION AND MAINTENANCE OF
                        A WATERLINE
RECORDED:               AUGUST 3, 1988, UNDER BUTTE COUNTY RECORDER'S
                        SERIAL NO. 88-25207.
AFFECTS:                THE WESTERLY PORTION OF PARCELS II AND III.

CONTINUED

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

35.  **A DEED OF TRUST TO SECURE AN INDEBTEDNESS IN THE ORIGINAL PRINCIPAL SUM OF $50,000.00, AND ANY OTHER AMOUNTS AND/OR OBLIGATIONS SECURED THEREBY**

DATED:                JULY 22, 1991
TRUSTOR:              DENNIS ROBINSON, AN UNMARRIED OMAN
TRUSTEE:              AMERICAN SECURITIES COMPANY
BENEFICIARY:          WELLS FARGO BANK, N.A., A NATIONAL BANKING
                      ASSOCIATION
RECORDED:             JULY 26, 1991, UNDER BUTTE COUNTY RECORDER'S
                      SERIAL NO. 91-30353.
AFFECTS:              PARCEL II.

BENEFICIAL INTEREST THEREUNDER WAS ASSIGNED
FROM:                 WELLS FARGO BANK, N.A., A NATIONAL BANKING
                      ASSOCIATION
TO:                   GMAC MORTGAGE CORPORATION
BY ASSIGNMENT
RECORDED:             SEPTEMBER 15, 1998, UNDER BUTTE COUNTY
                      RECORDER'S SERIAL NO. 98-39237.

36.  **IT WILL BE NECESSARY** THAT THE SPOUSE OF THE VESTEE, IF MARRIED, SIGN ALL DOCUMENTS (OR EXECUTE A DEED) IN ORDER TO ELIMINATE THEIR COMMUNITY INTEREST.

37.  **TERMS AND CONDITIONS** OF THAT CERTAIN TRUST REFERRED TO IN THE VESTING HEREIN AND ANY FAILURE TO COMPLY WITH THE TERMS THEREIN. WE WILL REQUIRE A COPY OF THE TRUST PRIOR TO CLOSING.

**TAX NOTE:**

**GENERAL AND SPECIAL BUTTE COUNTY TAXES** FOR THE FISCAL YEAR 1999-2000,

1ST INSTALLMENT:      $1,351.55, PAID
2ND INSTALLMENT:      $1,351.55, PAID
EXEMPTION:            $7,000.00
ASSESSED:             SEPARATELY
AP# 036-310-134-000      CODE AREA 092-007

1ST INSTALLMENT:      $473.26, PAID
2ND INSTALLMENT:      $473.26, PAID
EXEMPTION:            $-0-
ASSESSED:             SEPARATELY
AP# 036-310-154-000      CODE AREA 092-007

CONTINUED

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

**TAX NOTE - CONTINUED**

1ST INSTALLMENT:      $1,016.65, PAID
2ND INSTALLMENT:      $1,016.65, PAID
EXEMPTION:            $7,000.00
ASSESSED:             SEPARATELY
AP# 036-310-155-000       CODE AREA 092-007

**THE FOLLOWING EXCEPTIONS 38-47 AND TAX NOTE AFFECT PARCEL V:**

38.  **GENERAL AND SPECIAL BUTTE COUNTY TAXES** FOR THE FISCAL YEAR 2000-2001, A LIEN, BUT NOT YET DUE OR PAYABLE.

39.  **THE LIEN OF SUPPLEMENTAL TAXES** ASSESSED PURSUANT TO CHAPTER 3.5 COMMENCING WITH SECTION 75 OF THE CALIFORNIA REVENUE AND TAXATION CODE.

A REPORT HAS BEEN ORDERED TO DETERMINE IF A SUPPLEMENTAL TAX BILL HAS BEEN SENT OUT.  IF A BILL HAS BEEN SENT, A REPORT WILL FOLLOW PRIOR TO THE CLOSE OF ESCROW.

**RE-CHECK SUPPLEMENTAL TAXES PRIOR TO THE CLOSE OF ESCROW.**

40.  **THE HEREIN DESCRIBED LAND** LIES WITHIN THE BOUNDS OF OROVILLE WYANDOTTE IRRIGATION DISTRICT.

NOTE:      FOR ANY AMOUNTS DUE, CONTACT:
           OROVILLE WYANDOTTE IRRIGATION DISTRICT
           P.O. BOX 581
           OROVILLE, CA  95965-0581      PHONE  533-4578

41.  **AN EASEMENT** AFFECTING THE PORTION OF SAID LAND AND FOR THE PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:               PIPELINE
RECORDED:          MAY 4, 1889, IN BOOK "B" OF COVENANTS, PAGE 99, BUTTE COUNTY RECORDS.

THE EXACT ROUTE OR LOCATION OF SAID EASEMENT/RIGHT OF WAY IS NOT DEFINED OF RECORD AND MAY OR MAY NOT AFFECT THE HEREIN DESCRIBED PROPERTY.

CONTINUED

PAGE 22

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

42.  **A RIGHT OF WAY** AFFECTING THE PORTION OF SAID LAND AND FOR THE
PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                ELECTRIC POLE LINES
RECORDED:           MARCH 15, 1900, IN BOOK 55 OF DEEDS, PAGE 292,
                    BUTTE COUNTY RECORDS.

THE EXACT ROUTE OR LOCATION OF SAID EASEMENT/RIGHT OF WAY IS NOT
DEFINED OF RECORD AND MAY OR MAY NOT AFFECT THE HEREIN DESCRIBED
LAND.

43.  **AN EASEMENT** AFFECTING THE PORTION OF SAID LAND AND FOR THE
PURPOSE STATED HEREIN, AND INCIDENTAL PURPOSES
FOR:                PIPELINE
RECORDED:           APRIL 24, 1933, IN BOOK 98, PAGE 378, OFFICIAL
                    RECORDS.

THE EXACT ROUTE OR LOCATION OF SAID EASEMENT/RIGHT OF WAY IS NOT
DEFINED OF RECORD AND MAY OR MAY NOT AFFECT THE HEREIN DESCRIBED
PROPERTY.

44.  **THE RIGHT TO CONSTRUCT**, PLACE, INSPECT, MAINTAIN, REPLACE,
REMOVE AND USE FACILITIES OF THE TYPES STATED HEREIN AND OTHER
INCIDENTAL PURPOSES
IN FAVOR OF:        PACIFIC GAS AND ELECTRIC COMPANY, A CALIFORNIA
                    CORPORATION
FACILITIES:         TOWERS, WIRES, CABLES, ETC.
RECORDED:           APRIL 25, 1957, IN BOOK 883, PAGE 321,
                    OFFICIAL RECORDS.
AFFECTS:            AFFECTS THE EASTERLY 37.5 FEET OF SAID LAND.

45.  **THE RIGHT TO CONSTRUCT**, PLACE, INSPECT, MAINTAIN, REPLACE,
REMOVE AND USE FACILITIES OF THE TYPES STATED HEREIN AND OTHER
INCIDENTAL PURPOSES
IN FAVOR OF:        PACIFIC GAS AND ELECTRIC COMPANY, A CALIFORNIA
                    CORPORATION
FACILITIES:         TOWERS, WIRES, CABLES, ETC.
RECORDED:           MARCH 18, 1960, IN BOOK 1047, PAGE 523,
                    OFFICIAL RECORDS.
AFFECTS:            THE EASTERLY 75 FEET OF SAID LAND.

46.  **ROAD MAINTENANCE AGREEMENT** AND OTHER INCIDENTALS
EXECUTED BY:        CLINTON H. MILLER, ET AL
RECORDED:           MARCH 27, 1980, IN BOOK 2500, PAGE 262,
                    OFFICIAL RECORDS.

CONTINUED

PAGE 23

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

47.  **AGRICULTURAL STATEMENT OF ACKNOWLEDGEMENT FOR RESIDENTIAL DEVELOPMENT,**
EXECUTED BY:       ALVERDA ROBINSON, ET AL
RECORDED:          APRIL 8, 1985, UNDER BUTTE COUNTY RECORDER'S
                   SERIAL NO. 85-9759.

48.  **TERMS AND CONDITIONS** OF THAT CERTAIN TRUST REFERRED TO IN THE VESTING HEREIN AND ANY FAILURE TO COMPLY WITH THE TERMS THEREIN.

49.  **IT WILL BE NECESSARY** THAT THE SPOUSE OF THE VESTEE, IF MARRIED, SIGN ALL DOCUMENTS (OR EXECUTE A DEED) IN ORDER TO ELIMINATE THEIR COMMUNITY INTEREST.

TAX NOTE:

**GENERAL AND SPECIAL BUTTE COUNTY TAXES** FOR THE FISCAL YEAR 1999-2000,
1ST INSTALLMENT:    $476.56, PAID
2ND INSTALLMENT:    $476.56, PAID
EXEMPTION:          $-0-
ASSESSED:           SEPARATELY
AP# 036-310-007-000     CODE AREA 092-007

**NOTE:**

THE VESTEE HEREIN ACQUIRED TITLE BY DOCUMENT RECORDED NOVEMBER 14, 1985, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 85-36431, DOCUMENT RECORDED NOVEMBER 7, 1986, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 86-40035, DOCUMENT RECORDED JULY 26, 1991, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 91-30352, DOCUMENT RECORDED AUGUST 18, 1994, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 94-34974, DOCUMENT RECORDED NOVEMBER 27, 1995, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 95-41375, DOCUMENT RECORDED JANUARY 21, 1998, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 98-02284, AND BY DOCUMENT RECORDED SEPTEMBER 23, 1999, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 99-40798.

\* \* \* \* \* \*

DA:SOC   AUGUST 28, 2000

PAGE 24

ORDER NO. BU-182228 RB

LITIGATION GUARANTEE
(REV. 6/92)

## SCHEDULE C

ADDRESSES

| RECORDING INFORMATION | MAILING ADDRESS |
|---|---|
| AUGUST 18, 1994, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 94-34974. | BUREAU OF INDIAN AFFAIRS CENTRAL CALIFORNIA AGENCY 1824 TRIBUTE ROAD, SUITE J SACRAMENTO, CALIFORNIA 95841 |
| JANUARY 21, 1998, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 98-02284. | MOORETOWN RANCHERIA 175 ALVERDA DRIVE OROVILLE, CA 95966 |
| NOVEMBER 27, 1995, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 95-41375. | MOORETOWN RANCHERIA P.O. BOX 1842 OROVILLE, CA 95965 |
| NOVEMBER 14, 1985, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 85-36431. | ROBINSON P.O. BOX 1620 OROVILLE, CALIFORNIA 95965 |
| JULY 26, 1991, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 91-30352. | DENNIS ROBINSON 250 LORENE CT. OROVILLE, CA 95966 |
| SEPTEMBER 23, 1999, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 99-40798. | RICKE ROBINSON AND CYNTHIA ROBINSON 251 LORENE CT. OROVILLE, CA 95966 |
| NOVEMBER 7, 1986, UNDER BUTTE COUNTY RECORDER'S SERIAL NO. 86-40035. | ROBINSON AND SONS P.O. BOX 1620 OROVILLE, CA 95965 |

PAGE 25





RECORD OF SURVEY

# PARCEL MAP

BEING A PORTION OF THE SOUTH HALF OF SECTION 27, T19N, R4E, M.D.B.&M., IN THE UNINCORPORATED AREA OF BUTTE COUNTY, CALIFORNIA, AS PER BOOK 14, MAPS, PAGE 27, FOR SPENCER ROBINSON

PARCEL 1
59.54 ACRES

PARCEL 3
REMAINDER

PARCEL 2

DETAIL A
NOT TO SCALE

BASIS OF BEARING
N00°02'37"W (M)(GR.)

GEDDIS AND DRISCOLL
AND ASSOCIATES
SHEET 1 OF 1 SHEET

SURVEYOR'S CERTIFICATE

COUNTY SURVEYOR'S CERTIFICATE

RECORDER'S CERTIFICATE
CLARK A. NELSON
COUNTY RECORDER

LOCATION MAP
NTS

SCALE 1" = 200'

LEGEND

## SURVEYOR'S STATEMENT

THIS MAP WAS PREPARED BY ME OR UNDER MY DIRECTION AND IS BASED UPON A FIELD SURVEY IN CONFORMANCE WITH THE REQUIREMENTS OF THE SUBDIVISION MAP ACT AND LOCAL ORDINANCE AT THE REQUEST OF THOMAS POOLE ON NOVEMBER 1981. I HEREBY STATE THAT THIS PARCEL MAP SUBSTANTIALLY CONFORMS TO THE APPROVED OR CONDITIONALLY APPROVED TENTATIVE MAP, IF ANY. THE MONUMENTS SHOWN HEREON ARE OF THE CHARACTER AND OCCUPY THE POSITIONS INDICATED AND ARE IN PLACE AND ARE SUFFICIENT TO ENABLE THE SURVEY TO BE RETRACED.

_Michael Mooney_ RCE 20641

MICHAEL MOONEY RCE 20641

## COUNTY SURVEYOR'S STATEMENT

THIS MAP CONFORMS WITH THE REQUIREMENTS OF THE SUBDIVISION MAP ACT AND LOCAL ORDINANCE.

DATED: 11/20/90

FOR DEDICATION IS NOT ACCEPTED
ALMEDA DRIVE AS OFFERED
AT THIS TIME.

_Wm. Chiff_ RCE 14225
WILLIAM CHIFF, RCE 14225
COUNTY SURVEYOR  Reg. Exp. 3-31-93

## RECORDER'S CERTIFICATE

FILED THIS 30 DAY OF April , 1990, AT 8:00 A.M. IN BOOK 119 OF MAPS, AT PAGES 48 & 49, AT THE REQUEST OF Thomas A. Poole

SERIAL NO. 90-17335

CANDACE J. GRUBBS
COUNTY RECORDER

BY _J. Wells_ DEPUTY

NOTE

AN AFFIDAVIT OF OWNERSHIP IS BEING RECORDED CONCURRENTLY IN THE OFFICE OF THE BUTTE COUNTY RECORDER UNDER SERIAL NUMBER 90-17334



LOCATION MAP

## PARCEL MAP

FOR

THOMAS A. POOLE
MANUELA G. POOLE

OF A PORTION OF SECTIONS 33 & 34,
TOWNSHIP 19 NORTH, RANGE 4 EAST,
M.D.B.&M. IN THE UNINCORPORATED
AREA OF BUTTE COUNTY, CALIFORNIA.
SHEET 1 OF 3

MICHAEL MOONEY
CIVIL ENGINEER
RCE 20641

5 MANZONE AVE. SUITE A
OROVILLE, CA 95966
916-533-2131

119-28

PARCEL MAP

FOR

THOMAS A. POOLE
MANUELA G. POOLE

OF A PORTION OF SECTIONS 33 & 34,
TOWNSHIP 19 NORTH, RANGE 4 EAST,
M.D.B. & M. IN THE UNINCORPORATED
AREA OF BUTTE COUNTY, CALIF.

SHEET 2 OF 3

MICHAEL A. RONEY
CIVIL ENGINEER
R.C.E. 20647

5 MARONE AVE. SUITE A
OROVILLE, CA 95966
916-533-2151

