Joseph P. Mascovich (SBN 103167)
jpm@millelawgroup.com
MILLER LAW GROUP
A Professional Corporation
111 Sutter Street, Suite 700
San Francisco, CA 94104
Tel. (415) 464-4300
Fax (415) 464-4336

RANDOLPH CREGGER & CHALFANT LLP
JOHN S. GILMORE (SBN 32491)
1030 G Street
Sacramento, CA 945814
Phone: (916) 443-4443
Fax: (916) 443-2124
Email: gilmore@randolphlaw.net

Attorneys for Plaintiffs DENNIS ROBINSON, SPENCER ROBINSON, JR., RICKE ROBINSON, CYNTHIA ROBINSON, RICKIE ROBINSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS ROBINSON, SPENCER ROBINSON, JR., RICKE ROBINSON, CYNTHIA ROBINSON, VICKIE ROBINSON,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, individually and as Trustee for the Indians of the Mooretown Rancheria, aka MAIDU INDIANS OF CALIFORNIA, and DOES 1 – 100, inclusive,<br><br>Defendants. | Case No.: 2:11-CV-01227 MCE CMK<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION TO DISMISS COMPLAINT**<br><br>Date: August 25, 2011<br>Time: 2:00 p.m.<br>Judge: Honorable Morrison C. England, Jr.<br>Courtroom: 7<br><br>Complaint filed: May 6, 2011 |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................................. 2

    A. The Robinsons File Their First Action After The Tribe, With The United States' Knowledge, Carry Out Construction Activities That Interfere With An Easement Benefiting The Robinsons' Property ................................................. 3

    B. The Ninth Circuit Reverses The Court's Dismissal Of The Robinsons' First Action, And The United States' Further Motion To Dismiss Is Pending ............ 4

    C. The Robinsons Filed This Action, Which Alleges Additional Damages Caused By The Tribe's Ongoing Interference With The Easement Benefiting The Robinsons' Property ................................................................. 5

III. LEGAL ARGUMENT ..................................................................................................... 6

    A. Contrary To The United States' Claim, This Action Is Not A "Duplicate" Of The Robinsons' First Action, But Instead Is A Valid Lawsuit Based On The Tribe's Continuous, Damage-Causing Activities ............................................... 6

    B. Plaintiffs Have Alleged Facts Establishing That The United States Breached Duties It Owed To Plaintiffs And Thus Make Out Claims That Are Cognizable Under The FTCA ............................................................................. 8

    C. The FAC Properly Alleges That Plaintiffs Timely Complied With The FTCA's Notice Of Claim Requirements .......................................................................... 13

    D. Contrary To The United States' Claim, The Tribe Is Not An indispensable Party To This Action For Damages .................................................................. 14

IV. CONCLUSION ............................................................................................................. 16

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS COMPLAINT -- Case No.: 11-1227 MCE CMK**

# TABLE OF AUTHORITIES

**Cases**

*Baker v. Burbank-Glendale-Pasadena Airport Auth.*
39 Cal. 3d 862, 868-69 (1985) ............................................................................. 7, 8, 13, 14

*Capogeannis v. Superior Court*
12 Cal. App. 4th 668 (1993) ......................................................................................... 7

*Coberly v. Superior Court*
231 Cal. App. 2d 685 (1965) ...................................................................................... 10

*Haskett v. The Villas at Desert Falls*
90 Cal. App. 4th 864 (2001) ....................................................................................... 10

*Hirshfield v. Schwartz*
91 Cal. App. 4th 749 (2001) ....................................................................................... 14

*Jachetta v. United States*
No. 10-35175, 2011 WL 3250450 *3 (9th Cir. Aug. 1, 2011) ................................. 7, 11

*Kelly v. CB & I Constructors, Inc.*
179 Cal. App. 4th 442 (2009) ..................................................................................... 12

*Penny v. Wilson*
123 Cal. App. 4th 596 (2004) ............................................................................... 10, 11

*Pit River Home & Agr. Coop. Ass'n v. United States*
30 F.3d 1088 (9th Cir. 1994) ...................................................................................... 14

*Robinson v. United States*
586 F.3d 683 (9th Cir. 2009) ................................................................................. 2, 3, 4

*Schmid v. United States*
273 F.2d 172 (7th Cir. 1959) ...................................................................................... 11

*Smith v. Cap Concrete, Inc.*
33 Cal. App. 3d 769 (1982) ........................................................................................ 12

*Stoltenberg v. Newman*
179 Cal. App. 4th 287 (2009) ..................................................................................... 15

*United States v. Babbs*
483 F.2d 308 (9th Cir. 1973) ...................................................................................... 11

*United States v. Kubrick*
444 U.S. 111 (1979) ................................................................................................... 13

**Statutes**

25 C.F.R. § 170.2 ............................................................................................................. 12

23 U.S.C § 116 ................................................................................................................. 12

28 U.S.C. § 2675(a) ......................................................................................................... 13

Cal. Probate Code § 16081(a) ......................................................................................... 10

ii

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS COMPLAINT -- Case No.: 11-1227 MCE CMK**

Cal. Probate Code § 18001..................................................................................................10
Cal. Probate Code § 18004..................................................................................................15
Cal. Probate Code § 18005..................................................................................................15
F.R.C.P. 8 ............................................................................................................................13
F.R.C.P. 9 ............................................................................................................................13

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS COMPLAINT -- Case No.: 11-1227 MCE CMK**

# I.
# INTRODUCTION

Plaintiffs (collectively the Robinsons) filed this action to seek available remedies for the damages they have sustained due to the encroachment upon and interference with a longstanding easement benefiting their property. The Indians of the Mooretown Rancheria (the Tribe) engaged in construction activities that have caused the encroachment and interference. But it is undisputed that defendant the United States, as trustee, holds legal title to the property at issue. And, just important, the Robinsons' complaint expressly alleges that the United States (1) reviewed plans for the Tribe's construction activities before any work began, (2) knew or should have known that the planned construction would significantly interfere with the easement that is a matter of public record , and (3) yet did nothing to prevent the interference with the easement. Further, the complaint alleges is that the encroachment and interference are continuous, rather than permanent, in nature.

These allegations refute each basis for the United States' motion, erroneously titled as a Motion to Dismiss a First Amended Complaint. This action is not "duplicative" of the action the Robinsons filed in 2004 (No. 2:04-CV-00734-RRB-DAD), and is not an attempt to "forum shop." The Robinsons allege encroachment and interference that have occurred since they filed their first action. In any case, because the encroachment and interference are continuing in nature, the Robinsons are entitled to bring new actions to recover the damages that they have incurred up to the filing of their present complaint. In other words, this action will ensure that the Robinsons can recover all available damages for the injuries they have sustained. Nor has any forum shopping occurred. Rather, the Robinsons have filed this action in the same court in which their other action is pending, and they obviously have no means to control the Court's judicial assignments.

The United States' claim that it has not waived its sovereign immunity regarding the actions that have caused the encroachment and interference is meritless as well.

According to the United States, because the Tribe is not an agent of the federal government, the United States owed no duty to Plaintiffs and cannot be held liable for the Tribe's interference with the easement. However, under the Federal Tort Claims Act (FTCA) and the California law that determines the scope of the government's liability under the FTCA, it is not dispositive that the United States supposedly did not direct or participate in the Tribe's construction activities. The United States, as a trustee, still had a duty to prevent those activities from violating Robinsons' property rights, and California law imposes liability on a trustee in like circumstances.

Next, the United States' argument that the Robinsons' failed to comply with the FTCA's claim-filing requirements inexplicably ignores the complaint's allegations. The complaint, at paragraph 15, states that the Robinsons served a claim on the United States in August 2010 but that the United States never acted on it within six months.

Finally, the United States' claim that the Tribe is an indispensable party focuses only on Plaintiffs' prayer for equitable relief and ignores that they also seek money damages. And, with respect to the claim for money damages, the California substantive law that governs Plaintiff's claim against the United States as trustee clearly provides that the Tribe is not an indispensable party.

Plaintiffs accordingly request that the Court deny the motion to dismiss.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The following facts are set forth in the Robinson's complaint or are not subject to dispute. See *Robinson v. United States*, 586 F.3d 683 (9th Cir. 2009). In that regard, the Court should be aware that although the Robinsons filed their first complaint in 2004, just limited discovery has occurred, consisting mainly of the exchange of basic documents.

Plaintiffs have not been allowed to take a single deposition to explore the facts behind the documents, including the specifics about what the United States knew about the Tribe's planned activities, and how the United States perceived its duties flowing from its trust relationship with the Tribe. The Robinsons believe that further discovery would be fruitful, and would flesh out the facts proving that the United States knew of the Tribe's planned activities relating to the construction of its casino and knew or should have known that these activities would encroach on and interfere with the easement at issue.

### A. The Robinsons File Their First Action After The Tribe, With The United States' Knowledge, Carry Out Construction Activities That Interfere With An Easement Benefiting The Robinsons' Property

In September 1979, members of the Robinson family and others created a duty to maintain and repair a 60-foot easement that followed Alverda Drive, which benefits adjoining parcels of real property they owned in Butte County, California. *Robinson*, 586 F.3d at 685. The easement is for roadway and utility purposes. (Complaint ¶ 1) The parties duly recorded the easement and the Agreement, thereby giving notice to the world of their existence. (Complaint ¶ 1)

The Tribe later acquired the parcels of property adjoining the Robinsons' land, including the parcels on which Alverda Drive and the easement are located. *Robinson*, 586 F.3d at 685. The Tribe subsequently conveyed the property burdened by the easement to the United States to hold in trust. *Robinson*, 586 F.3d at 685.

The Tribe's ensuing construction of a casino and related improvements on the land has damaged and interfered with the easement in the following particulars:

- Some of the construction has disrupted the roadway's lateral and subjacent support, causing "alligatoring" of the road surface and the need for repairs;
- A slope that is 20x100 feet in dimension encroaches onto the easement;

3

- A bullnose curb and concrete walkway 15 feet onto the easement;

- A wrought iron fence embedded in concrete encroaches 15 feet onto the easement; and

- A water hydrant is located on the easement and obstructs use of that portion of the roadway.  (Complaint ¶¶ 25-37)

The encroachments are a particular problem because the Robinsons have long intended to develop their land, a large parcel that lies east of the easement.  (Complaint ¶ 38) Development of the land will require the ability to use all of the 60-foot easement for access and utility purposes.  (Complaint ¶ 39)  The existing, unlawful encroachments accordingly threaten to block the Robinsons' development plans.  (Complaint ¶¶ 38-40)

**B.     The Ninth Circuit Reverses The Court's Dismissal Of The Robinsons' First Action, And The United States' Further Motion To Dismiss Is Pending**

In April 2004 the Robinsons filed a complaint based on the FTCA that alleged several tort claims for disruption of lateral and subjacent support, negligence and nuisance. (This action is referred to as *Robinson I*.)  The United States responded to the complaint with a motion to dismiss.  *Robinson*, 586 F.3d at 685.  In part, the United States argued that the court lacked subject matter jurisdiction because the Robinson's allegations fall under the Quiet Title Act, which denies jurisdiction for claims involving "Indian lands."  The Robinsons opposed the United States' motion, demonstrating that the Quiet Title Act did not apply because the complaint's allegations did not involve any dispute over title to property interests.  On the contrary, the terms of the easement and maintenance Agreement are undisputed.  *Robinson*, 586 F.3d at 686.  The court ultimately ruled that the Quiet Title Act applied, thereby depriving the court of subject matter jurisdiction under the "Indian lands" exception.  The Robinsons appealed, and the Ninth Circuit reversed the judgment, holding that the complaint's allegations did not trigger the Quiet Title Act.  *Robinson*, 586 F.3d at 688.

Following remand, as the United States notes, the district court ruled that the Robinsons' allegations did not support a claim under the FTCA, concluding that (1) the Tribe is not an employee of the United States, and (2) the United States' status as trustee for the real property at issue does not support a finding that the United States owed a duty to rectify the Tribe's actions that have impaired the Plaintiffs' valuable rights under the easement at issue. (*Robinson I* Order [Dkt. 84] at 9-19)  On the second point, the Court ruled that the United States could not be liable for the Tribe's actions unless it actually controlled or supervised the Tribe's construction activities. (*Id.*)  The Court, however, granted the Robinsons leave to amend.

The Robinsons' amended their complaint to allege, among other facts, that the United States knew of the Tribe's planned construction activities and that it knew or should have known that these activities would adversely affect the easement. The United States responded with another motion to dismiss, which has been fully briefed since April 2011 and is awaiting decision by the Court.

**C.    The Robinsons Filed This Action, Which Alleges Additional Damages Caused By The Tribe's Ongoing Interference With The Easement Benefiting The Robinsons' Property**

More recently, the Robinsons filed this action to ensure that they can recover all the damages they have sustained.  The complaint alleges that the preexisting encroachment upon and interference with the easement have continued and that the Tribe has engaged in other, more recent activity that likewise has interfered with the Robinsons' use of the easement.[1]  (Complaint ¶¶ 28, 43-45)

---

[1] The complaint contains claims that Judge Beistline dismissed without leave to amend. The Robinsons have realleged those claims solely out of an abundance of caution because they want to preserve them for appeal.

5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS COMPLAINT -- Case No.: 11-1227 MCE CMK**

The complaint also alleges that Dennis Robinson, acting as the duly appointed Managing Agent for his relatives (Complaint ¶ 2), filed an administrative claim under the FTCA in August 2010.  (Complaint ¶ 15)  Because the United States did not act on that claim within six months, it has been denied by operation of law.

**III.
LEGAL ARGUMENT**

Before turning to the United States' specific arguments, the Robinsons note that the instant motion to dismiss reiterates arguments that the United States has made in *Robinson I* and at times implies that Judge Beistline has agreed with them.  But Judge Beistline has not yet made a final ruling on these issues, the United States is just plain wrong in suggesting otherwise.  Moreover, as its erroneous title suggests, the United States' motion appears at times to be attacking the first amended complaint in *Robinson I*, rather than the complaint in this case.  This confusion is most notable regarding the United States' claim that the Robinsons did not comply with the FTCA's administrative claim-filing requirement.  The motion inexplicably addresses the administrative claim the Robinsons filed in 2003 but ignores the complaint's allegation that the Robinsons filed a new claim in August 2010.

The Robinsons thus request that the Court evaluate the complaint they actually filed and ignore the United States' erroneous claim that Judge Beistline has already accepted the arguments it makes.

**A.  Contrary To The United States' Claim, This Action Is Not A "Duplicate" Of The Robinsons' First Action, But Instead Is A Valid Lawsuit Based On The Tribe's Continuous, Damage-Causing Activities**

The first of the United States' arguments is its *ipse dixit* claim that the Robinson's are engaged in forum shopping and that this action is merely a duplicate of their first action.  This claim does not withstand even minimal scrutiny.

The notion that the Robinsons have engaged in forum shopping is difficult to fathom. Not only have the Robinsons filed their complaint with the Court is which their first action is pending, but their civil cover sheet appropriately noted the relationship between the two cases. The court's subsequent assignment of the case is beyond the Robinsons' control.

Next, the present complaint plainly alleges that the Tribe's new and ongoing activities and encroachment onto the easement have caused further damage to the Robinsons. That much is made clear, for example, in paragraphs 27 and 43-45, which allege that relatively recent construction activity has occurred, particularly in connection with the Tribe's addition of a hotel on the property the United States owns in trust, which has caused new encroachments and interference with the Robinsons' use of the easement. The United States simply ignores these allegations, and makes no attempt to show — because it cannot — that the Robinsons have acted improperly by bringing a new action for the damages they have sustained due to events occurring years after they filed their first action.

Moreover, by filing this new action to remedy the new and ongoing harm they have suffered, the Robinsons are simply exercising their rights under California law, which applies under the FTCA to the actions of the government officials involved. *See Jachetta v. United States*, No. 10-35175, 2011 WL 3250450 *3 (9th Cir. Aug. 1, 2011) (and cases cited). Although the Robinsons have pled several legal theories, the crux of their complaint rests on the theory nuisance, and California law classifies nuisances as permanent or continuing in nature. *See Baker v. Burbank-Glendale-Pasadena Airport Auth.*, 39 Cal. 3d 862, 868-69 (1985); *Capogeannis v. Superior Court*, 12 Cal. App. 4th 668, 675-76 (1993). A nuisance is continuing where it can be abated through reasonable efforts; if such abatement is not feasible, the nuisance is deemed permanent. *Baker*, 39 Cal. 3d at 869; *Capogeannis*, 12 Cal. App. 4th at 677.

7

The classification of a nuisance as permanent or continuing determines whether plaintiff may bring just one or successive actions for damages. Where the nuisance is deemed permanent, then within the applicable limitations period the plaintiff must "bring one action for all past, present and future damage." *Baker*, 39 Cal. 3d at 869. Conversely, where the nuisance is reasonably capable of being abated, the "persons harmed by it may bring successive actions for damages until the nuisance is abated." *Id.* A nuisance may be deemed continuing in nature even if a court cannot order its abatement through injunctive relief. *Id.* at 868 (rejecting claim that commercial aircraft flights must be deemed a permanent nuisance because a court lacks the power to enjoin them).

Given these principles, the United States' motion to dismiss is a legal misfire. Its motion does not even mention the differences between a permanent and continuing nuisance, much less attempt to show that the Robinsons' complaint describes a situation that qualifies as a permanent nuisance as a matter of law. Nor could the United States make such a showing, given that the complaint's allegations, especially when liberally construed, depict a nuisance that is reasonably capable of abatement. For this reason, the Robinsons are entitled to "bring successive actions for damages until the nuisance is abated." *Baker*, 39 Cal. 3d at 869.

The United States' first argument, therefore, fails to support dismissal.

**B.  Plaintiffs Have Alleged Facts Establishing That The United States Breached Duties It Owed To Plaintiffs And Thus Make Out Claims That Are Cognizable Under The FTCA**

The United States' second argument repeats a point it has raised in the Robinsons' first action — that it has not waived its sovereign immunity regarding the Tribe's actions that have encroached upon and interfered with the Robinsons' use of the easement. There is no merit to this argument either.

In brief, in *Robinson I*, Judge Beistline ruled that the Robinsons' original complaint did not contain allegations establishing that, through the FTCA, the United States had waived its sovereign immunity as trustee. The Robinsons then amended their complaint to add allegations that establish that such a waiver occurred. Yet when the United States again moved to dismiss, it ignored the Robinsons' new allegations. The United States' motion in this action has the same flaw — it fails to address the Robinsons' specific allegations and accordingly fails to show that no waiver of sovereign immunity has occurred.

Although the Court would never know it from reading the United States' motion, the Robinsons' complaint expressly alleges that, before the Tribe's construction activities occurred, the United States, as trustee, was aware of what the Tribe's planned construction activities would entail and knew or should have known of the impact those activities would have on Robinsons' easement rights:

> In particular, the UNITED STATES, through the BIA and/or its other employees, was aware of the RANCHERIA/TRIBE's planned construction activities on the property that the UNITED STATES holds in trust for RANCHERIA/TRIBE and that is burdened by the easement described above. Based on the UNITED STATES' awareness and knowledge of the RANCHERIA/TRIBE's planned construction activities, it knew or should have known that these activities would adversely affect the easement, that they would interfere with Robinson's ability to use the easement for its intended purposes, and that, as a result, these activities would violate ROBINSON's legal rights. Yet the UNITED STATES took no steps to warn or give notice to the RANCHERIA/TRIBE that the planned activities would have this illegal effect. [Complaint ¶ 17]

This allegation supports the conclusion that the United States, as trustee, is directly liable to the Robinsons for the breach if its duty to prevent the Tribe's activities that impaired the Robinsons' property rights. Otherwise, the unacceptable consequence of the United States' position is that it may knowingly condone the Tribe's actions on land the

United States owns as trustee that violate the rights of third parties.  California law, which governs this question, does not permit that result.  Nor should this Court.

Under California law, it is near-axiomatic that a trustee, even when subject to the most minimal of fiduciary standards, cannot commit violations of the law or stand idly by and permit such violations to occur.  *See, e.g., Penny v. Wilson*, 123 Cal. App. 4th 596, 603 (2004) (holding that even when "a trustee is given "sole" and "absolute" discretion, he or she must act in accordance with fiduciary principles and must not act in bad faith or in disregard of the purposes of the trust") (citing Cal. Probate Code § 16081(a)); *Coberly v. Superior Court*, 231 Cal. App. 2d 685, 689 (1965) (stating that "we do not believe a trustee may hide behind the skirts of an absolute discretion.  Trustees are bound to use such talents as they possess.  Absolute discretion may excuse a trustee from acting prudently but not from tending to business").  Further, a trustee faces personal liability when it intentionally or negligently acts or fails to act in a tortious manner.  Cal. Probate Code § 18001; *Haskett v. The Villas at Desert Falls*, 90 Cal. App. 4th 864, 877 (2001).

These principles apply here.  The United States as trustee reviewed and approved the Tribe's construction plans before any construction activity occurred.  Indeed, the fact that the Tribe submitted its plans to the United States unmistakably implies that both parties recognized that the United States, as trustee, had at least a minimal degree of supervisory control over the Tribe's activities.  The United States, consequently, was subject to at least the minimal duty to ensure that the Tribe's planned construction would not violate the Robinsons' legal rights, which were a matter of public record.  *See Penny v. Wilson*, 123 Cal. App. 4th at 603.  For the United States to deny that such a duty exists is akin to a bad faith action that, under California law, a trustee cannot commit even when it is subject to minimal oversight.  *Id.*

The Robinsons thus do not claim that the United States is vicariously or derivatively liable for the Tribe's actions. On the contrary, the Robinsons have properly alleged the United States may incur liability under the FTCA for its breach of its own duties as trustee to ensure that the Tribe's planned construction complied with the law, even if it did not control or supervise the Tribe's construction activities once they began. *See United States v. Babbs*, 483 F.2d 308, 314-15 (9th Cir. 1973) (holding that the United States was liable to employee of independent contractor for the breach of duties it owed directly to the employee; distinguishing cases holding that the United States is generally not liable for the negligence of an independent contractor); *Schmid v. United States*, 273 F.2d 172, 176-77 (7th Cir. 1959) (holding that the United States was liable under the FTCA to employee of independent contractor when it, acting a property owner, failed to ensure that the independent contractor complied with state scaffolding law).

Nor do the complaint's allegations run afoul of the principle that the United States holds title to the Tribe's lands merely as a "bare trustee." It is one thing to say that, as a bare trustee, the United States has no duty to manage tribal lands for the benefit of tribe members. It is something else entirely, however, for the United States to maintain that its status as a bare trustee completely negates any and all duties it may owe to third parties. Such a conclusion would ignore the FTCA's longstanding principle that the United States' liability is determined by reference to state law. *Jachetta v. United States*, 2011 WL 3250450 *3. As shown above, under the controlling California law, even a trustee that is subject to the least restrictive duties possible under the law may not disregard the purpose of a trust or act in bad faith. *Penny v. Wilson*, 123 Cal. App. 4th at 603. Simply put, it defies reason and understanding for the United States to claim that, as part of legitimate purposes of the trust relationship regarding tribal land, it may to approve actions that disrupt and interfere with third party property rights that have the force of law.

In addition, the Robinsons have alleged that the United States breached its duty, established by statute and regulation, to "maintain" the portion of Alverda Drive that is burdened by the easement and that is part of the BIA road system. (Complaint ¶18, citing 23 U.S.C § 116 and 25 C.F.R. § 170.2 (now 25 C.F.R. § 170.5)) This allegation supports a cause of action under the FTCA as well.

The BIA's own guidelines and applicable regulation broadly define the scope of the United States' maintenance obligation. That obligation includes, among other things, the duty to take steps that preserve the structural integrity of the roadway and allow safe and efficient use of the road. This duty implies, at a minimum, that the United States would undertake these acts in keeping with applicable law and existing property rights. For example, assume that the United States cleaned debris out of a culvert but instead of properly disposing of it, simply dumped it on adjoining private land. In doing so, the United States would face liability for trespass and other torts. *See generally Kelly v. CB & I Constructors, Inc.*, 179 Cal. App. 4th 442, 450 (2009); *Smith v. Cap Concrete, Inc.*, 133 Cal. App. 3d 769, 777-78 (1982). Similarly, the United States would face tort liability if it failed to clean out the culvert, which caused water to spill onto adjoining private land, causing damage to the land and structures on it. *Id.*

This case fits within the same framework. As a result of the Tribe's actions, Alverda Drive can no longer be used for its preexisting, legal purposes. What's more, some of the Tribe's actions — such as the slope and fences that have encroached on to the easement — have damaged the structural integrity of Alverda Drive. Under these circumstances, the United States' maintenance duties compel it to take the steps necessary to correct the damage and to facilitate the full legal use of the roadway. The United States' failure to take those steps should result in the imposition of tort liability under the FTCA. The Court should deny the United States' motion for these reasons as well.

### C. The FAC Properly Alleges That Plaintiffs Timely Complied With The FTCA's Notice Of Claim Requirements

The United States also overlooks the complaint's key allegations when it argues that Plaintiffs failed to exhaust their administrative remedies under the FTCA. Those allegations completely refute this ground for the United States' motion, which in part seems aimed at the first amended complaint on file in the Robinsons' first action and the administrative claim they filed in 2003.

First, the complaint in this action alleges that the Robinsons served their claim on the United States in August 2010 and that the United States never responded to the claim within six months. (Complaint ¶ 15)  As such, the claim is deemed denied by operation of law. 28 U.S.C. § 2675(a). Second, this claim was timely with respect to all the damage the Robinsons have alleged that they sustained within the two years preceding the filing of the claim. The FTCA's two-year statute of limitations does not begin to run until a plaintiff has sustained an injury. *See generally United States v. Kubrick*, 444 U.S. 111, 122-23 (1979) (and cases cited) (explaining that limitations period begins to run once a plaintiff has knowledge of the injury and its cause). And, as noted, the Robinsons may bring successive actions for damages because the encroachments onto and interference with the easement constitute a continuing nuisance. *See Baker*, 39 Cal. 3d at 869.

The United States cites cases describing the detailed information that must be contained in an administrative claim. But the United States cites no case holding that, under F.R.C.P. 8 or 9, a complaint must repeat the same detail when alleging exhaustion of administrative remedies. In any event, the Robinsons would be entitled to leave to amend to include any detail required.

In sum, the United States is not entitled to dismissal based on its mistaken claim that the Robinsons failed to exhaust their administrative remedies under the FTCA.

### D. Contrary To The United States' Claim, The Tribe Is Not An indispensable Party To This Action For Damages

The United States again overlooks important allegations in the complaint by claiming that the action must be dismissed because the Tribe is an indispensable party that cannot be joined as a defendant.

For one thing, the United States' argument focuses solely on allegations that would permit the Robinsons to remove the encroachments into their easement. (U.S. Motion to Dismiss at 14)  That argument utterly ignores that Plaintiffs also recover money damages from the United States even if the offending encroachments onto the easement remain in place. *See Hirshfield v. Schwartz*, 91 Cal. App. 4th 749, 765 (2001) (and cases cited) (court may award money damages as an alternative to ordering removal of encroachment); *see also Baker*, 39 Cal. 3d at 868 (holding that a nuisance is not permanent simply because injunctive relief is unavailable).  Even if some of the relief requested may end up being unavailable, such a possible outcome does not provide grounds for dismissing a complaint in its entirety.  The United States thus offers no argument, because it cannot, that the Tribe is indispensable party with respect to the Robinsons' damages claims.

The United States likewise offers only bare conclusion, not principled analysis, in support of its assertion that an award of damages against it, as legal owner and trustee of the land involved, could interfere with the Tribe's sovereignty and right to self-government. The case the United States cites, *Pit River Home & Agr. Coop. Ass'n v. United States*, 30 F.3d 1088 (9th Cir. 1994), involved far different facts.[2]  That case involved an intertribal dispute over the tribal rights and control of land, in which the plaintiffs were contesting the Secretary of the Interior's determination that the Pit River Tribal Council would be the tribe's

---

[2] The United States' motion also contains an incomplete citation to another case, which is not cited elsewhere in the motion.  The Robinsons assume this incomplete citation has occurred because the United States copied portions of briefing from the Robinsons' first action.

14

governing body and the permanent beneficiary of the land at issue.  An award of damages against the United States here would not pose the same concerns.

Moreover, because California law defines the nature of the Robinsons' tort claims against the United States, the Court should consult that substantive law to determine whether the Tribe is an indispensable party in an action against the United States.  It clearly is not.  California Probate Code section 18004 authorizes a third party to sue a trustee in his representative capacity "whether or not the trustee is personally liable on the claim."[3]  Under this statute, a third party claimant, such as the Robinsons here, need not become enmeshed in any disputes between the trustee and the beneficiaries of the trust.  *See Stoltenberg v. Newman*, 179 Cal. App. 4th 287, 294 (2009) (discussing California Law Revision Comment to Probate Code § 18004).  Any dispute between the trustee and the trust beneficiaries must be resolved through a separate action.  Cal. Probate Code § 18005 ("The question of liability as between the trust estate and the trustee personally may be determined in a proceeding under Section 17200.").  For this reason, the Tribe, as the beneficiaries of its trust relationship with the United States, need not (and should not) be joined in an action for damages against the United States as trustee.  For this reason, too, the absence of the Tribe as a party cannot provide grounds for dismissal.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Probate Code section 18004 states in full: "A claim based on a contract entered into by a trustee in the trustee's representative capacity, on an obligation arising from ownership or control of trust property, or on a tort committed in the course of administration of the trust may be asserted against the trust by proceeding against the trustee in the trustee's representative capacity, whether or not the trustee is personally liable on the claim."

# IV.
# CONCLUSION

The United States' motion states no basis on which the Court may properly dismiss the Robinsons' complaint. The Court thus should deny the motion in its entirety.

Dated: August 11, 2011            MILLER LAW GROUP
                                  A Professional Corporation


                                  By: _____/S/_____
                                       Joseph P. Mascovich
                                  Attorneys for Plaintiffs DENNIS ROBINSON, SPENCER ROBINSON, JR., RICKE ROBINSON, CYNTHIA ROBINSON, RICKIE ROBINSON

Dated: August 11, 2011            RANDOLPH CREGGER & CHALFANT LLP


                                  By: _____/S/_____
                                       John S. Gilmore
                                  Attorneys for Plaintiffs DENNIS ROBINSON, SPENCER ROBINSON, JR., RICKE ROBINSON, CYNTHIA ROBINSON, RICKIE ROBINSON

4819-8932-5066, v. 1