UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DENNIS ROBINSON, SPENCER ROBINSON, Jr., RICKIE ROBINSON CYNTHIA ROBINSON, VICKIE ROBINSON,

    Plaintiffs,

  v.

UNITED STATES OF AMERICA, as Trustee for the Indians of the Mooretown Rancheria, aka MAIDU INDIANS OF CALIFORNIA,

    Defendant.

No. 2:11-cv-01227-MCE-CMK

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the Court on the motion of Defendant, United States of America's ("United States"), to dismiss Plaintffs, Dennis, Spencer, Rickie, Cynithia and Vickie Robinson's (collectively, "Robinsons" or "Plaintiffs") Complaint in accordance with Federal Rule of Civil Procedure 12(b)(1).[1] Plaintiffs oppose the motion.

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

For the reasons set forth below, the United States' motion is granted without leave to amend.

**BACKGROUND**

This lawsuit involves land held in trust by the United States for the benefit of the Indians of the Mooretown Rancheria, also known as the Maidu Indians of California ("Tribe"). Plaintiffs' complaint alleges that the Tribe's construction of a casino and other facilities on the land has encroached upon, and interfered with, Plaintiffs' rights to a sixty foot, non-exclusive road and utility easement Plaintiffs allege they own. (Pl.'s Compl., filed May 06, 2011, [ECF No. 1], ¶¶ 1, 17.) Specifically, Plaintiffs allege that, "[b]ased on the United States' awareness and knowledge of the [Tribe's] planned construction activities, it knew or should have known that these activities would adversely affect the easement . . . and that, as a result, these activities would violate the Robinsons' legal rights." (Id. ¶¶ 17, 29.)

The Robinsons' first claim for relief seeks damages for loss of lateral support; their second claim seeks damages for loss of subjacent support; the third claim seeks damages under a strict liability theory for property damage; the Robinsons' fourth claim seeks damages under a negligence theory for loss of lateral support; the fifth claim also seeks damages under a negligence theory for property damages caused to the subject easement; the sixth claim alleges a continuing nuisance;
///

2

the seventh claim also rests on a nuisance theory for the alleged encroachment upon Plaintiffs' property; the Robinsons' eighth and final claim is a also a nuisance claim for obstruction of the road to their property. The gravamen of Plaintiffs' complaint is that the United States "took no steps to warn or give notice to the [Tribe] that the planned activities would" interfere with Plaintiffs' use of the easement, refused to take steps to rectify the alleged damage, and violated its duty to maintain the subject easement. (Id. ¶ 17.)

In 2004, the Robinsons filed an almost identical action arising out of the same basic nucleus of fact — namely, the alleged encroachment upon the Robinsons' easement caused by the Tribe's construction. See Robinson v. United States, Civ. No 04-00734, filed April 01, 2004.[2] Counts one through seven of the 2004 complaint were identical to counts one through seven of this action. The Robinsons, in filing this complaint, however, added an eighth count for continuing nuisance based on obstruction of the road to the Robinsons' property. The Robinsons also included four additional paragraphs to the complaint containing factual allegations regarding new hotel construction that Plaintiffs allege also encroached upon their easement.

Given the factual similarities between the two actions, on August 25, 2011, District Judge Morrison C. England, Jr., signed a related case order. (See Related Case Order, filed Aug. 25, 2011, [ECF No. 18].)

///

---

[2] Hereinafter, the Court will refer to this action as the "2004 action."

3

1  Judge England held that "[e]xamination of the . . . civil actions
2  reveals that these actions are related within the meaning of
3  Local Rule 123(a)" because they "are based on the same or similar
4  claims, the same property transaction or event, similar questions
5  of fact and the same questions of law." (Id. at 2:1-6.)  Thus,
6  the 2004 action was reassigned to Judge England.  (Id. at 2:11-
7  16.)

8      On March 03, 2011, the United States filed a motion to
9  dismiss the 2004 action pursuant to Federal Rule of Civil
10 Procedure 12(b)(1).  The Court granted the United States' motion,
11 holding that the United States' sovereign immunity precluded the
12 Court from exercising subject matter jurisdiction over the
13 Robinsons' claims.

## STANDARD

Lack of subject matter jurisdiction may be asserted by either party or the court, sua sponte, at any time during the course of an action. Fed. R. Civ. P. 12(b)(1). Once challenged, the burden of establishing a federal court's jurisdiction rests on the party asserting the jurisdiction. See Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990). The court presumes a lack of subject matter jurisdiction until it is proved otherwise. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

///
///

"It is a long-settled principle that standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990) (internal citations and quotations omitted).

**ANALYSIS**

The United States contends that Plaintiffs' complaint should be dismissed because it is duplicative of the complaint Plaintiffs filed in the 2004 action. Specifically, the United States maintains that the only difference between the two complaints are the addition of one new claim, a nuisance claim the Court previously dismissed with prejudice in the 2004 action, and four new paragraphs containing factual allegations that imitate those in the 2004 action. Moreover, the United States asserts that the Court should grant its motion to dismiss for the same reason the Court dismissed the 2004 action: the Court does not have subject matter jurisdiction over Plaintiffs' claims because the United States has not waived sovereign immunity in this context.

Plaintiffs' opposition to the United States' motion to dismiss points to four paragraphs they allege differ from the complaint in the 2004 action. Specifically, Plaintiffs point to paragraphs 27 and 43-45 which contain allegations that the hotel the Tribe constructed encroached upon their easement.

///
///

Moreover, Plaintiffs contend that the additional eighth claim for nuisance is permitted under California law which allows for successive actions for continuing nuisance claims. Finally, Plaintiffs put forth the same arguments in opposition to the United States' sovereign immunity position that they did in the now dismissed 2004 action.

District courts retain "broad discretion to control their dockets," and may impose "sanctions including, where appropriate, default or dismissal." Adams v. Cal. Dep't of Health Serv., 487 F.3d 684, 688 (9th Cir. 2007) (internal citations omitted). As such, a district court may "dismiss a duplicative later-filed action." Id. Plaintiffs generally "have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same." Id. (internal citations omitted). Dismissal of a duplicative lawsuit, "more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." Id. at 692. To determine whether a suit is duplicative, the test for claim preclusion applies. See id. at 688.

Claim preclusion, or res judicata, is applicable when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." United States v. Liquidators of Eur. Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011). The first prong of the test is satisfied, not by pleading identical causes of action, but by demonstrating the suits are part of the "same transaction or series" of events and "whether they could conveniently be tried together."

1  Adams, 487 F.3d at 689.  However, the analysis is fluid, and to
2  determine the identity of claims, the Ninth Circuit employs a
3  four-part test: (1) whether "rights or interests established in
4  the prior judgment would be destroyed or impaired" by the second
5  action moving forward; (2) whether "substantially the same
6  evidence" is presented in both actions; (3) whether the suits
7  "involve infringement of the same right;" and (4) whether the
8  suits arise from the same set of facts.  Id.; See also
9  Liquidators, 630 F.3d at 1150.  The "most significant factor is
10 that the causes of action arise from a common transactional
11 nucleus of facts."  Adams, 487 F.3d at 691.
12      Regarding the second requirement that there be a final
13 judgment on the merits, a dismissal for failure to state a claim,
14 or failure to prosecute, constitutes final judgment for purposes
15 of res judicata analysis.  Plaut v. Spendthrift Farm, Inc.,
16 514 U.S. 211, 228 (1995).  Third, identical parties obviously
17 establishes privity between them.  Tahoe-Sierra Pres. Council,
18 Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1081 (9th
19 Cir. 2003) (internal citations omitted).
20      In the instant case, it is clear the later-filed complaint
21 is duplicative of the first, largely because the causes of action
22 arise from a common transactional nucleus of facts.
23 Specifically, the "two separate actions involv[e] the same
24 subject matter at the same time in the same court and against the
25 same defendant."  Adams, 487 F.3d at 688.  The facts alleged in
26 each complaint are nearly identical, and the claims in both suits
27 stem from the Tribe's construction activities on the land the
28 United States holds in trust.

1  Plaintiffs fully described in both complaints the extent to which
2  the Tribe's construction allegedly encroached on Plaintiffs'
3  easement.  In other words, Plaintiffs' claims in both complaints
4  assert a violation of the same right — the right to quiet
5  enjoyment and use of their easement.
6      In this action, Plaintiffs assert one claim distinct from
7  the 2004 action: Plaintiffs' eighth claim for continuing
8  nuisance. However, Plaintiffs proffer the same evidence in
9  support of this claim and rely on the same operative facts to
10 prove the nuisance as they did in the 2004 action.  That is, the
11 Tribe's construction activities that allegedly encroached upon
12 Plaintiffs' easement and the United States' approval thereof.
13 While Plaintiffs contend that paragraphs 23 and 43-45 contain new
14 allegations regarding the Tribe's construction activities, a
15 brief review of both complaints shows that paragraph 43e of
16 Plaintiffs' first amended complaint in the 2004 action contained
17 substantially similar allegations centering around the
18 construction of the Tribe's hotel.[3]
19     The identity of claims prong satisfied, the Court turns to
20 the other two elements of claim preclusion.  The Court dismissed
21 the original complaint because Plaintiffs could not establish a
22 waiver of sovereign immunity since they failed state a claim for
23 relief under the Federal Tort Claims Act.
24 ///
25 ///

---

[3] The Court also notes that in its first Order granting Defendant's motion to dismiss with leave to amend in the first action, the Court dismissed each of Plaintiffs' nuisance claims <u>with prejudice</u>.

1  See Lewis v. Hunt, 492 F.3d 565, 571 (holding that Plaintiffs'
2  complaint did "not invoke the statutory waiver of sovereign
3  immunity granting consent to suit and thus, cannot state a claim
4  upon which relief could be granted.")  Thus, the case was
5  adjudicated on the merits.  See Plaut, 514 U.S. at 228 (1995)
6  (holding that dismissal for failure to state a claim constitutes
7  final judgment for purposes of res judicata analysis.)  Lastly,
8  privity is easily established by the fact that the parties to
9  this action are identical to the parties in the 2004 action.
10      Plaintiffs' claim that this complaint should not be
11 dismissed as duplicative because California law permits
12 successive filings of claims for continuing nuisance misses the
13 mark.  Even if California law permits successive actions for
14 permanent nuisance, it does not follow that Plaintiffs have the
15 right to file multiple concurrent actions based upon the same
16 subject matter, as Plaintiffs did here.  As set forth above, the
17 relevant standard for dismissing an action as duplicative is not
18 whether the law permits successive actions, but rather whether
19 the subsequent action arises out of the same transaction and
20 occurrence.  The short of it is that Plaintiffs have failed to
21 demonstrate that the subsequent action does not arise out of the
22 same transaction and occurrence as the 2004 action.
23 Specifically, both complaints arise out of Plaintiffs'
24 fundamental allegation that the United States is liable to the
25 Robinsons for its approval of the Tribe's construction plans.
26 ///
27 ///
28 ///

9

1  To permit Plaintiffs to maintain this action would promote the
2  possibility of inconsistent rulings, undue expense to the
3  parties, and imprudent allocation of judicial resources.  Thus,
4  this action should be dismissed with prejudice as duplicative of
5  the 2004 action.[4]

## CONCLUSION

Based on the foregoing, the United State's motion to dismiss is GRANTED without leave to amend.

IT IS SO ORDERED.

Dated: November 18, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Even if, as Plaintiffs maintain, this case is not duplicative of the 2004 action, Plaintiffs' complaint would be dismissed for the same reasons the Court dismissed Plaintiffs' first amended complaint in the 2004 action. Specifically, Plaintiffs have failed to demonstrate that the United States has waived its sovereign immunity where it holds land in trust and the beneficiaries of that trust cause property damage to a third party. Since the United States has not waived its sovereign immunity under the Federal Tort Claims Act, this Court does not have jurisdiction to hear Plaintiffs' claims.

10